U.S. COURT OF APPEALS
RECEIVED
Oct 08, 2025
FIFTH CIRCUIT

Case No. 24-11000

_____

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN ANTHONY CASTRO,

Appellant.

_____

## APPELLANT'S RESPONSE IN OPPOSITION TO ANY FURTHER MOTIONS FOR EXTENSION

_____

Appellant John Anthony Castro respectfully files this Response in Opposition to Any Further Motions for Extension.

Appellant empathetically understands and fully appreciates that Counsel for the Government has a workload and is working on many cases simultaneously. Appellant understands the burden of managing multiple cases simultaneously. Appellant prays that counsel's burden is eased over the holidays. However, this Honorable Court did state that it was not inclined to grant any extensions absent "extraordinary" circumstances. With all due respect, having a heavy workload as an attorney is not extraordinary. To the contrary, unfortunately, it is very ordinary and, thus, the antithesis of "extraordinary" since it is very ordinary.

Appellant's conviction rested entirely upon fraudulent "stipulations" that the prosecution deceptively entered into the record without defense counsel Jason Freeman's authorization or knowledge. Former defense counsel Jason Freeman's signature was typed onto the alleged "stipulations" without his prior knowledge or consent by the unscrupulous former Assistant U.S. Attorney Philip J. Meitl. Despite the alleged "stipulations" being tantamount to a guilty plea as the district judge acknowledged on the record, the district judge never confirmed Appellant's knowledge - much less understanding - of them and never had the stipulations read into the record. Neither Appellant nor his counsel were aware of them, and the district court refused to schedule an evidentiary hearing to consider the claims. For all practical purposes, this made a guilty verdict a foregone conclusion before the trial even started. In other words, it was a rigged trial.

If the fraudulent stipulations were not enough, the district court also abused its discretion in denying an evidentiary hearing for the claims in the Motion for New Trial after it was revealed that former Assistant U.S. Attorney Philip J. Meitl suborned and coerced perjurious testimony from the prosecution's Star Witness, Linda Rivera, who was compromised due to her prior crimes that the prosecution suppressed evidence of. Appellant revealed in a timely filed Motion for New Trial new evidence that was previously suppressed in violation of the well-established Brady rule. The evidence was the existence of a federal tax lien on the IRS tax

account of Linda Rivera's husband for thousands of dollars in unpaid child support that served as the motive for Linda Rivera fraudulently misrepresenting her marital status for more than a decade. This government-suppressed material impeachment evidence would have shown that Linda Rivera was engaged in a decade-long scheme of deceiving firms into filing false and fraudulent tax returns on her behalf.

All of this would serve as further evidence that the sentencing enhancements that were applied were done so vindictively to punish Appellant for forcing the prosecution to resort to criminal misconduct in order to secure a conviction, including fraudulent post-sentencing alterations to the transcript based on ex parte extrajudicial communications between former Assistant U.S. Attorney Philip J. Meitl and Court Reporter Debbie Saenz, which was alleged in an FRAP 10(e) motion that was also denied without an evidentiary hearing; a gross abuse of judicial discretion. To make matters worse, the district court sua sponte sealed the FRAP 10(e) Motion to Correct the Transcripts without a written order to prevent the media from learning about the issue; further circumstantial evidence of ex parte communications with the district clerk. A motion to unseal is currently pending before the district court.

Each day that passes, Appellant is forced to be separated from his wife and two elementary school-level children based on former Assistant U.S. Attorney

Philip J. Meitl's criminal wrongdoing in his desperate attempt to secure a conviction by any means necessary.

Appellant is absolutely prejudiced by delays in appellate review because Appellant is not guilty of fabricating deductions and should not be incarcerated.

Appellant respectfully asks this Honorable Court to deny any further motions for extension.

Faithfully in Christ,


/s/


John Anthony Castro
Appellant-Defendant, Pro Se
Prisoner Number 93890-510
FCI Oakdale I
P.O. Box 5000
Oakdale, LA  71463

# **CERTIFICATE OF COMPLIANCE**

I, John Castro, undersigned certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 680 words, as determined by Microsoft Office Word 2016-word processing software.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Times New Roman (14-point).

Date: October 8, 2025


By: /s/ John Anthony Castro