U.S. COURT OF APPEALS
RECEIVED
Nov 12, 2025
FIFTH CIRCUIT

Case No. 24-11000

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN ANTHONY CASTRO,

Appellant.

---

# MOTION TO STRIKE APPELLEE'S RESPONSE BRIEF

---

Appellant John Anthony Castro, pro se, moves this Honorable Court to strike the Government Appellee's Response Brief due to its impermissible citations to documents outside the Record on Appeal ("ROA").

For the sake of clarity, Appellant has not yet received a copy of the Government Appellee's Response Brief; however, Appellant has been notified by third-parties of certain defects in it. For the sake of judicial efficiency, Appellant thought it best to file this motion sooner rather than later.

I. Applicable Law

A. All Citations Must Strictly Be ROA Citations

Firstly, 5th Cir. L. R. 28.2.2 mandatorily requires all record citations to be ROA citations.

In whole, 5th Cir. L. R. 28.2.2 "Record References" states: "Every assertion in briefs regarding matter in the record must be supported by a reference to the page number of the original record, whether in paper or electronic form, where the matter is found using the record citation form as directed by the Clerk of the Court."

According to a publicly available document on the website of the U.S. Court of Appeals for the Fifth Circuit titled "Citations to Records on Appeal in the Fifth Circuit," in "late 2013, the court adopted the Electronic Record on Appeal (EROA) as the official record on appeal. Prior to this change, the paper record on appeal was the official record on appeal." Available at https://www.ca5.uscourts.gov/news/news/Citations%2520to%2520the%2520Records%2520on%2520Appeal%2520in%2520the%2520Fifth%2520Circuit.pdf

In addition, on Page 21 of the "Practitioner's Guide to the United States Court of Appeals for the Fifth Circuit" published in May 2025, in the section titled "The Record on Appeal," it states that "trial exhibits are not sent unless you specifically request them." Available at https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/documents/practitionersguide.pdf

It further explains: "As with the briefing notice, please act promptly. Within 14 days of receipt, you need to review the ROA and advise us and the district court of any omission, if you need to order additional transcripts, etc. This court will not be sympathetic to requests for extensions of time to file briefs if you have waited until the last moment to see if the ROA is complete and a delay then results because of a deficiency." Id.

B. All Factual Assertions Must Have an ROA Citation

The 2025 Practitioner's Guide also firmly states: "You must cite to the page number in the record to support factual assertions, etc. The Fifth Circuit has adopted the Electronic Record on Appeal (ROA) as the official record in cases in which the district court created the appellate record." Id.

Therefore, it is the duty and responsibility of parties in an appeal to move the district court to ensure that exhibits they intend to rely upon in their brief are properly added to the ROA. The remedy for addressing a deficient brief containing impermissible citations to documents "outside the record on appeal" is a "motion to strike," which courts have granted. See Shockley v. Commissioner, No. 16-13473 (11th Cir. 2017).

III. Application to the Facts

The Government-Appellee's Response Brief contains improper "GX" citations to Government Exhibits "outside of the record on appeal." Id. For example,

one sentence reads: "Castro required his employees to adopt his unfounded positions. GX 109." This sentence contains only a GX citation and must be, consequently, stricken entirely.

Another sentence reads: "The script contained dozens of questions designed to come up with fraudulent deductions. ROA.2026; GX 109. Aside from the fact that the district court based its finding of guilt on fabricated deductions and not the legal soundness of the legal positions, this sentence contains an improper "GX" citation that must be stricken.

Yet another sentence reads: "Castro generally refused to meet with clients in person." This sentence contains absolutely no citation and must be stricken entirely.

These examples are not exhaustive. It is not Appellant's duty to assist Appellee in filing a compliant brief. These examples are enough to highlight the brief's deficiency.

The Government-Appellee failed to motion the district court to expand the ROA to include the Government Exhibits it intended to rely upon in its Response Brief. As such, the appropriate remedial tool to address the offending brief with impermissible citations to documents outside of the record on appeal is a "motion to strike." Id.

The Government-Appellee should be directed to file and serve a corrected brief without any references to Government Exhibits outside the record on appeal.

Moreover, it would be highly prejudicial to permit the Government to correct these deficiencies by adding citations. The only appropriate remedy for this deficiency is to have the sentences stricken entirely with the exception for sentences that already contained a relevant ROA citation such as the second example that had both an ROA and GX citation.

IV. Conclusion

Based on all of the foregoing, Appellant moves this Honorable Court to strike the Government-Appellee's Response Brief.

Faithfully in Christ,

/s/

John Anthony Castro
Appellant-Defendant, Pro Se
Prisoner Number 93890-510
FCI Oakdale I
P.O. Box 5000
Oakdale, LA 71463

**CERTIFICATE OF COMPLIANCE**

I, John Castro, undersigned certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 847 words, as determined by Microsoft Office Word 2016-word processing software.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Times New Roman (14-point).

Date: November 12, 2025

By: /s/ John Anthony Castro