Case No. 24-11000

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN ANTHONY CASTRO,

Appellant.

---

**SUPPLEMENT TO MOTION TO STRIKE**

---

Appellant John Anthony Castro, pro se, files this Supplement to his Motion to Strike the Appellee's Response Brief.

As stated before, Appellant still does not have a copy of the Government Appellee's Response Brief. However, he has been further informed of specific instances of non-compliance that will be shared below.

In addition to the non-compliance issues raised in the initial Motion to Strike, Appellant has been informed that all of the Government's citations to the Record on Appeal ("ROA") with regard to the Trial Transcripts fail to cite the line number to which it relates. To be more precise and aid the Appellee, ROA pages 1375-2706 are

the Trial Transcripts. Any ROA cites to these pages require corresponding Line Numbers. For example, if a particular referenced line starts on Page 1399 Line 10 and ends on Page 1400 Line 7, the citation would read: ROA.1399:10-1400:7. This allows this Honorable Court and Appellant to identify what particular lines are actually being relied upon rather than engaging in a - colloquially speaking - "Easter egg hunt," which is prejudicial to Appellant considering he only has fourteen (14) days to respond. This is particularly problematic on Page 3 of Appellee's Response Brief where there are citations to "ROA.1520" without citations to the line numbers coupled with impermissible "GX" citations. This is on Page 3 in the paragraph starting with the word "Undeterred."

Appellee's Response Brief fails to use even a single citation to the Trial Transcript section of the ROA using proper references to the line numbers.

In addition, there is another sentence in the Statement of the Case (Page 4) that reads: "The script contained dozens of questions designed to come up with fraudulent deductions and included commentary from Castro." This sentence contains no record citation and is not an inference drawn from the facts but rather a statement of a particular fact that is unsupported by the record. Because a proper ROA citation was not provided, it must be stricken from the brief entirely. To permit Appellee to include a new citation at this point would be an improper grant of a de facto extension in violation of this Honorable Court's own published rules.

Another sentence reads: "As a result, several clients reported Castro to the IRS." This statement too contains no citation and is not an inference. It must be stricken from the brief.

These cited sentences are not exhaustive. Appellee should be instructed to ensure that every sentence in the Statement of the Case ends with a proper ROA citation.

Faithfully in Christ,

/s/

John Anthony Castro
Appellant-Defendant, Pro Se
Prisoner Number 93890-510
FCI Oakdale I
P.O. Box 5000
Oakdale, LA 71463

# CERTIFICATE OF COMPLIANCE

I, John Castro, undersigned certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 474 words, as determined by Microsoft Office Word 2016-word processing software.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Times New Roman (14-point).

Date: November 13, 2025

By: /s/ John Anthony Castro