Case No. 24-11000

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN ANTHONY CASTRO,

Appellant.

# EMERGENCY MOTION FOR RECONSIDERATION BY A PANEL

Pursuant to 5th Cir. L. R. 27.2 and 27.2.6, Appellant John Anthony Castro moves this Honorable Court for reconsideration by a panel of his motion for release pending appeal.

Additionally, pursuant to Fed. R. App. P. 2(a), Appellant requests a suspension of regular timeframes and humbly requests this Honorable Court to rule upon this motion for reconsideration on or before **Monday, December 15, 2025**.

## I. PROCEDURAL BACKGROUND

On Monday, December 1, 2025, after briefing was substantively completed in the above-captioned case, Appellant filed a Motion for Release Pending Appeal due

to the Government's forfeiture and concession of critical elements regarding Appellant's claims for Sixth Amendment Confrontation and Brady violations. In said motion, attached hereto, Appellant specifically called out the Government's blatant refusal to even acknowledge the fact that it provided its Star Witness Linda Rivera with criminal immunity from prosecution, which it never disclosed to the defense.

Pursuant to 5th Cir. L. R. 9.5, "The opposing party must file a written response to all requests for release within 10 days of service of the memorandum or application."

Despite the mandatory local rule that the Government must respond to all motions for release, Circuit Judge Cory T. Wilson denied the motion only three days later, on Thursday, December 4, 2025, without requiring the Government's response in accordance with 5th Cir. L. R. 9.5.

## II. DISCUSSION

5th Cir. L. R. 27.2.6 fully states: "Pursuant to Fed. R. App. P. 27(c), any single judge of this court has discretion, subject to review by a panel upon motion for reconsideration made within the 14 or 45 day period... to take appropriate action on the following procedural motions... To... release in criminal cases pending appeal."

Aside from the misuse of the discretion by the single judge in failing to require the Government's response in accordance with 5th Cir. L. R. 9.5, Appellant's motion

for release pending appeal is subject to review by a panel pursuant to 5th Cir. L. R. 27.2.6.

## III. CONCLUSION

Appellant moves this Honorable Court for Reconsideration by a Panel of his Motion for Release Pending Appeal, which is attached hereto for reference.

Faithfully in Christ Jesus,

/s/

John Anthony Castro
Appellant-Defendant, Pro Se
Prisoner Number 93890-510
FCI Oakdale I
P.O. Box 5000
Oakdale, LA 71463

## CERTIFICATE OF COMPLIANCE

I, John Castro, undersigned certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 512 words, as determined by Microsoft Office Word 2016-word processing software.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Times New Roman (14-point).

Date: December 8, 2025

3. I filed this document via the Fifth Circuit's pro se email address on Monday, December 8, 2025, and that all parties are registered CM/ECF users who will be electronically notified and provided with a digital copy of this filing. I further confirm that I provided a true and correct copy of this motion to Counsel for Appellee, Laura Murphree, both via U.S. Postal Mail and electronic mail.

By: /s/ John Anthony Castro

**Exhibit A**

Emergency Motion to Suspend Regular Rules and Release Pending Appeal

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

UNITED STATES OF AMERICA

v.

JOHN ANTHONY CASTRO

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:24-CR-001-Y(1)
P. J. Meitl, assistant U.S. attorney
Franklyn R. Mickelsen and Jason B. Freeman, attorneys for the defendant

On May 29, 2024, the defendant, John Anthony Castro, was found guilty by the Court, after a bench trial, on counts one through thirty-three of the thirty-three count indictment. Accordingly, the defendant is adjudged guilty of such counts, which involve the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNTS |
|---|---|---|---|
| 26 U.S.C. § 7206(2) | Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return | March 22, 2020 | 1 through 33 |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 on each of counts one through thirty-three of the thirty-three-count indictment, for a total of $3,300.00.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 29, 2024.

Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed October 30, 2024.

## IMPRISONMENT

The defendant, John Anthony Castro, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 36 months, per count, as to counts one through five of the thirty-three-count indictment, to run consecutively; 8 months as to count six of the thirty-three-count indictment, to run consecutively to counts one through five; and 36 months, per count, as to counts seven through thirty-three of the thirty-three count indictment, to run concurrently with counts one through six, for a total sentence of 188 months' imprisonment.

The defendant is remanded to the custody of the United States marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 1 year, per count, as to counts one through thirty-three of the thirty-three-count indictment, to run concurrently for a total of 1 year.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court;

not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of preparing tax returns without the probation officer's approval;

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule;

provide to the probation officer complete access to all business and personal financial information; and

pay any remaining balance of restitution in the amount of $277,243.00, as set out in this Judgment.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration in addition to mandatory restitution.

As a condition of supervised release, the defendant is ordered to make restitution, in the amount of $277,243.00. Restitution shall be paid to the U. S. district clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

Internal Revenue Service
Attn: Mail Stop 6261, Restitution
333 W. Pershing Avenue
Kansas City, MO 64108
Re: John Anthony Castro

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $277,243.00 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $300.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

**RETURN**

I have executed this judgment as follows:

______________________________________________________________

______________________________________________________________

______________________________________________________________

Defendant delivered on ____________________ to ______________________________

at ________________________________________, with a certified copy of this judgment.

______________________________
United States marshal

BY ____________________________
deputy marshal

# United States Court of Appeals
*for the*
# Fifth Circuit

Case No. 24-11000

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN ANTHONY CASTRO,

*Defendant-Appellant.*

APPEAL FORM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH NO.: 4:24-CR-1-1
HONORABLE TERRY R. MEANS, U.S. DISTRICT JUDGE

## EMERGENCY MOTION TO SUSPEND REGULAR RULES AND RELEASE PENDING APPEAL

JOHN ANTHONY CASTRO
*Appellant, Pro Se*
FCI Oakdale I
Registered Number 93890510
P.O. Box 5000
Oakdale, LA 71463

CP COUNSEL PRESS (800) 4-APPEAL • (131751)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

I. Standard of Review for Release Pending Appeal is Satisfied ........ 2

A. The Trial Judge's Performance Being Implicated as Grounds for Release Pending Appeal Constitutes "Good Cause" for Suspending FRAP 9(b) as Futile ........ 2

B. Appellant's Strong Community Ties, Faith, Education are Evidence He Will Not Flee or Pose a Danger to Anyone ........ 3

C. Appeal Not for the Purpose of Delay but Rather Based on Substantial Questions of Law and Fact ........ 4

D. The Substantial Issues of Law and Fact ........ 6

1. Any Defense to the Suppressed Civil and Criminal Immunity Deal Given the Linda Rivera Has Been Forfeited by the Government ........ 7

2. Any Defense to the Suppressed Child Support Lien Has Been Forfeited by the Government ........ 8

3. Any Defense to the Unsigned Stipulations Has Been Forfeited by the Government ........ 11

4. The Government Has Conceded that "Dissent" Regarding the Alleged Stipulations is "Apparent" in the Record Thereby Negating a Finding of Waiver, which Establishes a De Jure Sixth Amendment Right of Confrontation Violation ........ 12

5. The Record Indisputably Shows that Defense Counsel Dissented from the Trial Judge's Stated Understanding of the Stipulations ........ 12

E. Substantial Question Established ........ 14

II. PRAYER ........ 14

III. CONCLUSION ........ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**


Carr v. Saul,
209 L.Ed.2d 376 (2021)....3

Dawson Farms LLC v. Farm Service Agency,
504 F.3d 592 (5th Cir. 2007)....2

Gallegos-Hernandez v. U.S.,
688 F.3d 190 (5th Cir. 2012)....2

Gulf Restoration Network v. Salazar,
683 F.3d 158 (5th Cir. 2012)....2

Hemphill v. New York,
595 U.S. 140 (2022)....13

Rollins v. Home Depot USA,
8 F.4th 393 (5th Cir. 2021)....6, 7

Taylor v. IRS,
127 F.3d 470 (5th Cir. 1997)....2

U.S. v. Ceballos,
789 F.3d 607 (5th Cir. 2015)....13

U.S. v. Giancola,
754 F.2d 898 (11th Cir. 1985)....4

U.S. v. Hardy,
753 F.2d 1487 (9th Cir. 1985)....4

U.S. v. Miller,
753 F.2d 19 (3d Cir. 1985)....4

U.S. v. Ortega,
93 F.4th 278 (5th Cir. 2024)....6, 7, 10

U.S. v. Randell,
761 F.2d 122 (2d Cir. 1985)....4

U.S. v. Reveles,
190 F.3d 678 (1999)....13

U.S. v. Sipe,
388 F.3d 471 (5th Cir. 2004) .......... 7

U.S. v. Stephens,
609 F.2d 230 (5th Cir. 1980) .......... 13

U.S. v. Thomas,
724 F.3d 632 (5th Cir. 2013) .......... 13

U.S. v. Valera-Elizondo,
761 F.2d 1020 (5th Cir. 1985) .......... 4, 5

**Statutes & Other Authorities:**

18 U.S.C. 3142(b) .......... 1

18 U.S.C. 3142(c) .......... 1, 3

18 U.S.C. 3143(b) .......... 1

18 U.S.C. 3143(b)(1)(A) .......... 1

18 U.S.C. 3143(b)(1)(B)(i) .......... 1

18 U.S.C. 3143(b)(1)(B)(ii) .......... 1

2 Corinthians 7 .......... 17

5th Cir. L. R. 9.2 .......... 1, 2

Amos 5 .......... 14, 15, 16

Amos 6 .......... 14

Ephesians 5 .......... 15

Fed. R. App. P. 2(a) .......... 1, 2

Fed. R. App. P. 9(b) .......... 1, 2

Galatians 4 .......... 15

Habakkuk 1 .......... 15

Hosea 12 .......... 16

Isaiah 5 .......... 14

Isaiah 29 .......... 16

Isaiah 56 .......... 15

Isaiah 59 ....................................................................................................15
James 1 .......................................................................................................17
James 4 ................................................................................................ 14, 15
Jeremiah 21 ...............................................................................................15
Jeremiah 22 ...............................................................................................15
Micah 6.......................................................................................................16
Proverbs 17 ...............................................................................................14
Proverbs 18 ...............................................................................................14
Psalm 112 ..................................................................................................16
Romans 13.................................................................................................17
Zechariah 7......................................................................................... 15, 16

## EMERGENCY MOTION TO SUSPEND REGULAR RULES AND RELEASE PENDING APPEAL

Pursuant to Fed. R. App. P. 2(a ), Appellant John Anthony Castro moves this Honorable Court to suspend the provisions of Fed. R. App. P. 9(b) that typically require motions for release pending appeal to be filed with the district court and, pursuant to 18 U.S.C. 3143(b), order Appellant's release under 18 U.S.C. 3142(b) or (c) pending appeal by finding that Appellant "is not likely to flee or pose a danger" to anyone and that his "appeal is not for the purpose of delay" because it "raises a substantial question of law or fact likely to result in" both "reversal" and an "order for a new trial." 18 U.S.C. 3143(b)(1)(A), (b)(1)(B)(i)-(ii).

The requested emergency deadline response for this motion is: Monday, December 15, 2025.

To the extent this Honorable Court determines that 5th Cir. L. R. 9.2 applies (Appellant was uncertain whether this local rule only applies to review of release orders by the district court or motions filed in the first instance in the appeals court pursuant to either local rules or the emergency rule suspension provisions), Appellant provides the following information:

Name: John Anthony Castro
District Court Case: NDTX No. 4:24-CR-1
Offense of Conviction: Aiding or Assisting in the Preparation of a False or Fraudulent Return
Date of Sentence: October 30, 2024
Term of Sentence: 188 Months

Basis for Not Fleeing or Posing a Danger: See Below Section (B)
Emergency Deadline: December 15, 2025

## I. Standard of Review for Release Pending Appeal is Satisfied

### A. The Trial Judge's Performance Being Implicated as Grounds for Release Pending Appeal Constitutes "Good Cause" for Suspending FRAP 9(b) as Futile

If and only if 5th Cir. L. R. 9.2 does not apply, then Appellant establishes the following "good cause" under Fed. R. App. P. 2(a).

With regard to the Sixth Amendment Confrontation Clause violation articulated below, the performance of the trial judge's constitutional duties and functions are implicated in this case making it futile to first request that he determine there is a substantial question regarding the adequacy of his own performance. In the separate context of administrative law but analogous and persuasive in this context, this Honorable Court has found that requiring a litigant to go back to the source of the challenged conduct would be a waste of time since it would be "futile for him to make [a legal] challenge seeking this relief from" the one who issued it. Gallegos-Hernandez v. U.S., 688 F.3d 190 (5th Cir. 2012) (citing Taylor v. IRS, 127 F.3d 470, 477 (5th Cir. 1997)). The common sense rule in cases like this is that the source of the challenged conduct "will clearly reject the claim." Gulf Restoration Network v. Salazar, 683 F.3d 158 (5th Cir. 2012) (quoting Dawson Farms LLC v. Farm Service Agency, 504 F.3d 592, 606 (5th Cir. 2007)).

As the U.S. Supreme Court explained, “such a vain exercise will rarely... promote judicial efficiency.” Carr v. Saul, 209 L.Ed.2d 376, 386 (2021).

### B. Appellant’s Strong Community Ties, Faith, Education are Evidence He Will Not Flee or Pose a Danger to Anyone

Appellant has extremely close ties to his community and church. With a retirement fund and fully paid home available to him, Appellant has no need to earn income or leave home other than to attend church. Appellant is an alum of Georgetown Law and Harvard Business School with no history of crime or substance abuse. Appellant owns no firearms or dangerous weapons. Both of Appellant’s children attend a private faith-based Christian school. Appellant intends to start a ministry and church after exoneration; leading a quiet life with his family.

Pursuant to 18 U.S.C. 3142(c), Appellant hereby agrees to surrender his passport, subject himself to electronic monitoring, abstain from any contact with the media, abstain from the use of any and all forms of social media or other forms of mass communication, abstain from any and all political activities, and avoid any contact with actual or potential witnesses. Appellant wishes only to return to his wife and elementary school-aged children.

Moreover, the fact that Appellant is confident his conviction will be reversed and a new trial ordered is further evidence that he will not flee or pose a danger to anyone.

Appellant believes release subject to the above-agreed conditions will facilitate his peaceful transition back into his community as well as to ensure, by preponderance of the evidence, that he is not a flight risk and does not pose a danger to any person much less the community in general.

### C. Appeal Not for the Purpose of Delay but Rather Based on Substantial Questions of Law and Fact

The Second Circuit has defined a “substantial question” as a “close question” with a likelihood of success, which is akin to the standard for a preliminary injunction. U.S. v. Randell, 761 F.2d 122 (2d Cir. 1985). The Third Circuit described a “substantial question” as one that raises a novel issue or a matter of first impression. See U.S. v. Miller, 753 F.2d 19 (3d Cir. 1985). The Ninth Circuit has defined a “substantial question” as one that is “fairly debatable.” U.S. v. Hardy, 753 F.2d 1487 (9th Cir. 1985). The Eleventh Circuit has defined a “substantial question” as a “close question or one that could be decided the other way.” U.S. v. Giancola, 754 F.2d 898 (11th Cir. 1985).

In U.S. v. Valera-Elizondo, this Honorable Court adopted a more sophisticated and precise definition of a “substantial question” by holding that the question of law or fact be “either novel, which has not been decided by controlling precedent, “which is fairly doubtful” that the government could overcome, an inquiry that is “one of more substance” than merely a finding that the issue is “not frivolous,” and that the actual question is whether “if error is found, it will so taint

the conviction that it is more probable than not that reversal will be required." 761 F.2d 1020, 1022 (5th Cir. 1985).

The instant appeal is not for the purpose of delay. To the contrary, as the Government admitted in its motion for an extension of time to respond, these issues "serious."

One issue raises a Brady suppression claim for which the Government forfeited any defense for failing to defend in the first instance before the district court regarding the suppressed criminal immunity deal given to its star witness Linda Rivera. The second issue raises another Brady suppression claim for which the Government forfeited any defense as well regarding a suppressed child support lien that established the motive for Government Star Witness Linda Rivera's submission of false and fraudulent tax returns for over a decade. The Government completely ignored these two factual grounds in its entire 54-page Response Brief. If the Government wishes to persist in its willful blindness here with this motion, then its forfeiture will finally be indisputable on the record.

The third issue is a Sixth Amendment Right of Confrontation violation wherein the government admits it bears the burden of proof to establish waiver. Most importantly, the Government failed to respond to Appellant's claim that the challenged stipulations were unsigned under NDTX L. Cr. R. 49.5(d) and 49.6. Instead, the Government raised an alternative argument under NDTX L. Cr. R.

57.1 that it is procedurally barred from raising for the first time on appeal since it bore the burden of proof and "failing to raise it in the first instance in the district court." U.S. v. Ortega, 93 F.4th 278 (5th Cir. 2024) (quoting Rollins v. Home Depot USA, 8 F.4th 393, 397 (5th Cir. 2021)). The government bore the burden of proof, so it was required to raise every defense at the district court level. It failed.

These are only three of the five grounds on which there is a substantial question of law and fact that will result in reversal or an order for a new trial warranting Appellant's release pending appeal.

### D. The Substantial Issues of Law and Fact

The Government "forfeits an argument by failing to raise it in the first instance in the district court." U.S. v. Ortega, 93 F.4th 278 (5th Cir. 2024) (quoting Rollins v. Home Depot USA, 8 F.4th 393, 397 (5th Cir. 2021)). This recent published ruling by this Honorable Court is binding upon all future panels. The Ortega ruling reflects the principles of the fair process due (i.e., due process) to defendants in the criminal process; to be duly apprised of government claims (i.e., notice) to permit an issue to be developed (i.e., opportunity to be heard) before the appellate review process.

### 1. Any Defense to the Suppressed Civil and Criminal Immunity Deal Given the Linda Rivera Has Been Forfeited by the Government

In Appellant's first motion for new trial before the district court, Appellant exposed that the prosecution suppressed the existence of "immunity from prosecution... offered to Linda Rivera in exchange for her testimony." ROA3053-3054.

In Appellant's Opening Brief, he reiterated the standard that the Government "forfeits an argument by failing to raise it in the first instance in the district court." U.S. v. Ortega, 93 F.4th 278 (5th Cir. 2024) (quoting Rollins v. Home Depot USA, 8 F.4th 393, 397 (5th Cir. 2021)).

On the same page, Appellant reiterated the "undisclosed civil and criminal immunity agreement between Rivera and the prosecution." See Open. Br. 39.

Appellant then explained that this Honorable Court has previously held, in a strikingly on-point case, that undisclosed criminal immunity agreements have been found to be "material" for purposes of the Brady test since it serves as "a 'substantial benefit[] to fabricate' her story for which she would have been 'impeached, grilled on the benefits' she 'received in exchange for' her 'testimony,' including her 'get out of jail card,' which would have resulted in her testimony being 'undermined by revelations' of her federal crime." See Open. Br. 41 (quoting U.S. v. Sipe, 388 F.3d 471, 476, 491-92 (5th Cir. 2004)).

The Government was made aware that it was on the verge of - if not already well into the zone of - forfeiture. Appellant sufficiently put the Government on notice that it had one final opportunity to at least attempt to salvage this issue by addressing the suppressed criminal immunity deal with Linda Rivera. The Government consciously chose not to respond to it because there is no explanation for a de jure and obvious Brady violation. A witness was blackmailed with the threat of criminal prosecution, told to lie about Appellant or face imprisonment, and then rewarded with immunity for providing the false testimony.

On this ground alone, the judgment should be reversed and Double Jeopardy applied. However, for purposes of this motion, it indisputably establishes a "substantial question" likely to result in reversal or a new trial.

### 2. Any Defense to the Suppressed Child Support Lien Has Been Forfeited by the Government

To avoid any feigned confusion on the part of the Government, Appellant has separately captioned this separate and distinct claim.

In Appellant's first motion for new trial filed before the district court, he specifically asserted that the prosecution suppressed the existence of "unpaid child support resulting in an IRS lien." ROA.3053-3054. In a separate motion for an evidentiary hearing in support of the motion for new trial, Appellant added that Linda Rivera had a "clear motive to avoid the lien on her husband's IRS tax account for unpaid child support," which the Government was aware of since it put

her misrepresentations into criminal context adding that the “prosecution [was] desperately grasping at straws to justify and sanctify Linda Rivera’s obvious criminal conduct.” ROA.3169. In a separate filing before the district court, Appellant added that the “Government ignores... [the] support lien” because it firmly establishes an indisputable and “obvious financial motive” for Linda Rivera’s fraudulent misrepresentations. ROA.1023. Appellant added, in another filing before the district court, that the “government’s complete silence on the issue of Linda Rivera’s husband’s unpaid child support and the Florida lien placed on any tax refunds associated with him speaks volumes. The government suppressed this information and ignores it in their response because it firmly establishes Linda Rivera’s motive for her deception... That is why there is not one single mention of it in the government’s response. Deception through strategic omission followed by diversion.” ROA.1023-1024. This was before the district court, yet the Government continues with the same modus operandi on appeal: completely ignoring it and attempting to divert attention away from the suppressed criminal immunity and child support lien and reframing the issue as being Linda Rivera’s marital status (i.e., the strawman fallacy).

All of this firmly establishes that Appellant raised these issues and made these arguments in the first instance in the district court.

In Appellant's Opening Brief, he repeated the standard that the Government "forfeits an argument by failing to raise it in the first instance in the district court." See Open. Br. 39 (quoting U.S. v. Ortega, 93 F.4th 278 (5th Cir. 2024)). On the literal same page, Appellant then restated the existence of "a lien on the IRS tax account of Government Star Witness Linda Rivera's husband for thousands of dollars of unpaid child support in the state of Florida strategically suppressed by the prosecution since it established the motive for Rivera intentionally misrepresenting her [background] to Castro and the IRS for nearly a decade." See Open. Br. 39 (citing ROA.3053-3054).

Appellant then called out the Government by emphasizing that, before the district court, "the prosecution's response was completely silent regarding the lien for unpaid child support." See Open. Br. 40 (citing ROA.3134-3164).

As before, the Government was made fully aware that it was on the verge - if not already in the zone of - forfeiture. Appellant put the Government on notice that it had one final opportunity to respond to at least attempt to salvage the issue. The Government again consciously chose not to respond because it knows this was a de jure Brady violation.

On this ground alone, Appellant's judgment should be reversed. And with regard to the motion for release, it should certainly be granted.

### 3. Any Defense to the Unsigned Stipulations Has Been Forfeited by the Government

The Government provided no defense or rebuttal to the claim that the stipulations were unsigned under NDTX L. Cr. R. 49.5(d) or 49.6, which must be considered a concession. Although this Honorable Court has held that Government concessions are not binding and that it still conducts an independent review, a Government concession that, if accepted, would result in reversal of the judgment and a new trial undoubtedly shows a "substantial question" warranting release pending appeal.

The Government has forfeited its argument that NDTX L. Cr. R. 57.1 provides alternative grounds for considering the stipulations signed since it bears the burden of proof and that argument was not raised in the first instance in the district court.

On this ground alone, for which the Government bore the burden of proof, there is indisputable forfeiture. The Government has conceded the stipulations were unsigned in accordance with NDTX L. Cr. R. 49.5 or 49.6 and forfeited the argument that NDTX L. Cr. R. 57.1 salvages the issue even though, on the substance, it does not.

#### 4. The Government Has Conceded that "Dissent" Regarding the Alleged Stipulations is "Apparent" in the Record Thereby Negating a Finding of Waiver, which Establishes a De Jure Sixth Amendment Right of Confrontation Violation

The Government conceded in its Response that it was "apparent[]" in the record that Appellant dissented from and did not agree to any testimonial stipulations. Resp. Br. 7 (citing ROA.1722). The Government's concession that it was "apparent[]" Appellant did not agree to stipulations is fatal. Webster's Dictionary defines "apparently" as "plainly," "obviously," "clearly," "evidently," and "readily understood." This coincides with the fact that the prosecution before the district court already conceded that Appellant "did not stipulate to the underlying facts." Open. Br. 17 (quoting ROA.2892).

This major concession by the Government absolutely establishes a "substantial question" warranting Appellant's release pending appeal.

#### 5. The Record Indisputably Shows that Defense Counsel Dissented from the Trial Judge's Stated Understanding of the Stipulations

The Government's Response Brief falsely claims that when the district court "encouraged Castro's counsel to let the court know if it believed any other elements were not met," Appellant's counsel "declined to object." Resp. Br. 25-27. This is blatantly false and easily refuted by the record. Appellant's counsel clarified to the trial judge that "we [the defense] don't concede necessarily that any of the

stipulations satisfy that there was a fraudulent item on the return, but I just want that to be clear." Open. Br. 13; ROA.2598:25-2599:3. It apparently was not clear to the trial judge. This statement by Appellant's counsel expressly, clearly, and unambiguously explained that one of the "elements were not met" as the trial judge requested and directly contradicted the 331 alleged stipulations to all of the Government's Proposed Findings of Fact. Open. Br. 13. This was an express and unambiguous statement that the critical "false or fraudulent" element of the charged crime was "not met." Resp. Br. 25-27.

It was at this moment that the trial judge failed to "ensure [that] the constitutional procedures for testing the reliability of evidence [were] followed" by holding the Government to its "burden of proving the defendant effected a valid waiver," "indulging every reasonable presumption against waiver," and not "presum[ing] acquiescence in the loss of" Appellant's Right of Confrontation. Open. Br. 27; Hemphill v. New York, 595 U.S. 140, 152-53 (2022); U.S. v. Ceballos, 789 F.3d 607, 614 (5th Cir. (2015); U.S. v. Thomas 724 F.3d 632, 643 (5th Cir. 2013); U.S. v. Stephens, 609 F.2d 230, 233-34 (5th Cir. 1980); U.S. v. Reveles, 190 F.3d 678, 683 (1999). Appellant's counsel expressed an opinion different from what the trial judge stated. Open. Br. 27. Webster's Dictionary defines "dissent" as an expression of a "difference of opinion," "contrariety of

nature," and "opposite quality." Appellant express dissent through his counsel. Open. Br. 13. With "dissent" in the record, waiver cannot be established.

### E. Substantial Question Established

Based on all of the foregoing, it is indisputable that Appellant has established not just one but rather multiple substantial questions of law and fact that warrant his release pending final resolution of this appeal. Witness for yourself the Government's inability to respond to the issues.

## II. PRAYER

Woe to those who deny justice to the innocent.[1] Only the wicked pervert the course of justice.[2] They show favoritism to the wicked and deprive the innocent of justice.[3] They hate the one who upholds justice in court and detest the one who tells the truth.[4] Those who know the good they are called to do but instead sin by doing nothing.[5] They allow justice to turn into poison.[6]

Their hands are stained with guilt, their lips have spoken falsely, their tongues whisper evil plans, they do not call for true justice, they do not plead their case with integrity, they rely on empty arguments and whisper lies, the way of

[1] Isaiah 5:22-23.
[2] Proverbs 17:23.
[3] Proverbs 18:5.
[4] Amos 5:10.
[5] James 4:17.
[6] Amos 6:12.

peace they do not know, and so God looks with displeasure at how far they have turned from the Father's path.[7]

The wicked encircle and overpower the righteous so that justice is denied.[8] They plot nothing but evil against one another.[9] Do not be like those who turn justice into bitterness and cast righteousness to the ground.[10]

Have nothing to do with the fruitless deeds of darkness; rather, expose them.[11] Have I now become your enemy by telling you the truth through my servant?[12]

This is what the Lord says: Administer true justice every morning and rescue from the hands of the oppressor the one who has been robbed his freedom lest my wrath break out and burn like fire because of the evil allowed.[13] For if someone knows the good they are called by God to do and does not do it, it is a sin.[14]

This is what the Lord says: rescue from the hands of the oppressor the one who has been robbed his freedom.[15] Do what you know is right.[16] Act justly, love

[7] Isaiah 59:1-15.
[8] Habakkuk 1:4.
[9] Zechariah 7:10.
[10] Amos 5:7.
[11] Ephesians 5:11.
[12] Galatians 4:16.
[13] Jeremiah 21:12.
[14] James 4:17.
[15] Jeremiah 22:3.
[16] Isaiah 56:1.

mercifully, and walk humbly with God.[17] Hate evil, love good, and maintain justice in your courts.[18]

The ruthless will vanish, the mockers will disappear, and all who have an eye for evil will be cut down by God - those who make someone out to be guilty, who ensnare the defender in court and with fraudulent testimonial stipulations deprive the innocent of justice.[19]

How long will you defend the unjust and show favoritism to the wicked?[20] Woe to those who tithe religiously but neglect justice.[21] On their day, they will call out to me, but I will reply, “Truly, I never knew you. Away from me, evildoer.”

Return to God by maintaining justice in your courts.[22] Good will come to those who do their jobs with justice in mind, heart, and action.[23] Administer true justice.[24] Let justice roll like a river; a never-ending flow of righteousness.[25]

---

[17] Micah 6:8.
[18] Amos 5:15.
[19] Isaiah 29:20-21.
[20] Psalm 82:2.
[21] Luke 11:42.
[22] Hosea 12:6.
[23] Psalm 112:5.
[24] Zechariah 7:9.
[25] Amos 5:24.

Have a readiness to see justice done.[26] The night is nearly over, and the day is almost here, so put aside the deeds of darkness and put on the armor of light.[27] Do not merely listen to His Word; do what it says.[28]

## III. CONCLUSION

At long last, the Government can no longer ignore the suppressed criminal immunity deal that the prosecution gave to its star witness Linda Rivera. The Government can no longer be willfully blind to the child support lien it knew of and maliciously suppressed since it established the motive for Linda Rivera's crimes. The Government must now respond to these claims - what it failed to do in its entire 54-page Response Brief - or concede through continued silence that Appellant is entitled to be released pending appeal.

Faithfully in Christ Jesus,

/S/JOHN ANTHONY CASTRO
*Appellant, Pro Se*
FCI Oakdale I
Registered Number 93890510
P.O. Box 5000
Oakdale, LA 71463

[26] 2 Corinthians 7:11.
[27] Romans 13:12.
[28] James 1:22.

**CERTIFICATE OF SERVICE**

I, John Anthony Castro, confirm that, in accordance with Fifth Circuit Local Rules, a copy of this motion was hand-delivered to government counsel Lauren Murphee on Monday, December 15, 2025, before it was sent to the Pro Se Email Address of the Fifth Circuit Clerk of the Court. I further confirm that after it is processed via the Pro Se Email Address, all parties will be electronically notified and provided a digital copy as well.

/S/JOHN ANTHONY CASTRO
Signature of John Anthony Castro

## CERTIFICATE OF COMPLIANCE

This motion has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word. Excluding the parts of the motion exempted by Fed. R. App. P. 32(f), this motion contains 3657 words.

/S/JOHN ANTHONY CASTRO
Signature of John Anthony Castro

# EXHIBIT A

Exhibit A
Judgement of Conviction