U.S. COURT OF APPEALS
RECEIVED
Feb 09, 2026
FIFTH CIRCUIT

# United States Court of Appeals
*for the*
# Fifth Circuit

Case No. 24-11000

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN ANTHONY CASTRO,

*Defendant-Appellant.*

APPEAL FORM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH NO.: 4:24-CR-1-1
HONORABLE TERRY R. MEANS, U.S. DISTRICT JUDGE

## MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR RELEASE PENDING APPEAL

JOHN ANTHONY CASTRO
*Appellant, Pro Se*
FCI Oakdale I
Registered Number 93890510
P.O. Box 5000
Oakdale, LA 71463

CP COUNSEL PRESS (800) 4-APPEAL • (131751)

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ iii

I. INTRODUCTION ........ 1

II. STANDARD OF REVIEW ........ 4

III. ARGUMENT ........ 4

1. Standard of Review for Release Under 18 U.S.C. § 3143(b) Satisfied by Castro ........ 4

A. Appellant's Strong Community Ties, Faith, Education are Evidence He Will Not Flee or Pose a Danger to Anyone ........ 4

B. Appeal Not for the Purpose of Delay but Rather Based on Substantial Questions of Law and Fact ........ 5

C. Analysis of the Instant Case ........ 9

1. Any Defense to the Suppressed Civil and Criminal Immunity Deal Given the Linda Rivera Has Been Forfeited by the Government ........ 10

2. Any Defense to the Suppressed Child Support Lien Has Been Forfeited by the Government ........ 11

3. Any Defense to the Unsigned Stipulations Has Been Forfeited by the Government ........ 14

4. The Government Has Conceded that "Dissent" Regarding the Alleged Stipulations is "Apparent" in the Record Thereby Negating a Finding of Waiver, which Establishes a *De Jure* Sixth Amendment Right of Confrontation Violation ........ 15

5. The Record Indisputably Shows that Defense Counsel Dissented from the Trial Judge's Stated Understanding of the Stipulations ........ 15

D. Substantial Question Established ........ 17

2. The Government Intentionally Waived Any Argument Against Release and Forfeited All Arguments Not Made Before the District Court ....... 18

3. Appellate Court Standard of Review ....... 19

A. Factual Findings for Clear Error and Legal Conclusions De Novo ....... 19

B. District Court Made No Factual Findings Requiring Wholly De Novo Review ....... 20

C. The Application of Both Waiver and Forfeiture Regarding All Factual and Legal Arguments Requires Release Pending Appeal ....... 21

IV. CONCLUSION ....... 22

CERTIFICATE OF SERVICE ....... 24

CERTIFICATE OF COMPLIANCE ....... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Hamer v. Neighborhood Hous. Servs. of Chi.*,
138 S.Ct. 13 (2017) .... 19

*Hemphill v. New York*,
595 U.S. 140 (2022) .... 16

*Rollins v. Home Depot USA*,
8 F.4th 393 (5th Cir. 2021) .... 7, 9, 10, 18

*U.S. v. Alfonzo-Reyes*,
427 F.Supp.2d 41 (D.P.R. 2006) .... 8

*U.S. v. Antico*,
123 F.Supp 2d 285 (E.D. Pa. 2000) .... 8

*U.S. v. Blumhagen*,
No. 03-CR-56S (WDNY 2006) .... 22

*U.S. v. Callen*,
No. 2:20-CR-54 (D. Idaho 2021) .... 22

*U.S. v. Ceballos*,
789 F.3d 607 (5th Cir. 2015) .... 16

*U.S. v. Christman*,
596 F.3d 870 (6th Cir. 2010) .... 19

*U.S. v. Cotham*,
No. 4:20-CR-22 (E.D. Tenn. 2021) .... 22

*U.S. v. Eaken*,
995 F.2d 740 (7th Cir. 1993) .... 20

*U.S. v. Fuentes*,
No. 1:20-CR-16 (D. Idaho 2020) .... 22

*U.S. v. Garcia*,
340 F.3d 1013 (9th Cir. 2003) .... 20

*U.S. v. Giancola*,
754 F.2d 898 (11th Cir. 1985) .... 6

*U.S. v. Hall*,
765 F.Supp. 1494 (S.D. Fla. 1991) ........................................................ 8

*U.S. v. Handy*,
761 F.2d 1279 (9th Cir. 1985) ........................................................ 20

*U.S. v. Hardy*,
753 F.2d 1487 (9th Cir. 1985) ........................................................ 5, 6

*U.S. v. Hattermann*, 853 F.2d 555 (7th Cir. 1988) ........................................................ 8

*U.S. v. Kinslow*,
105 F.3d 555 (10th Cir. 1997) ........................................................ 20

*U.S. v. Martin*,
No. 21-CR-10018 (D. Kan. 2023) ........................................................ 22

*U.S. v. Miller*,
753 F.2d 19 (3d Cir. 1985) ........................................................ 5

*U.S. v. Olano*,
507 U.S. 725 (1993) ........................................................ 19

*U.S. v. Ortega*,
93 F.4th 278 (5th Cir. 2024) ........................................................ 7, 9, 10, 13, 18, 21

*U.S. v. Paup*,
No. 15-CR-233 (D. Col. 2015) ........................................................ 22

*U.S. v. Quaintance*,
315 Fed.Appx. 711 (10th Cir. 2009) ........................................................ 20

*U.S. v. Randell*,
761 F.2d 122 (2d Cir. 1985) ........................................................ 5

*U.S. v. Reveles*,
190 F.3d 678 (1999) ........................................................ 16

*U.S. v. Scheur*,
626 F.Supp.2d 611 (E.D. La. 2009) ........................................................ 8, 9

*U.S. v. Shoffner*,
791 F.2d 586 (7th Cir. 1986) ........................................................ 20

*U.S. v. Silver*,
203 F.Supp.3d 370 (S.D.N.Y. 2016) ........................................................ 8

*U.S. v. Sipe*,
388 F.3d 471 (5th Cir. 2004)........................................................................11

*U.S. v. Sissler*,
No. 1:90-CR-12 (W.D. Mich. 1991)..............................................................22

*U.S. v. Steinhorn*,
927 F.2d 195 (4th Cir. 1991)..........................................................................9

*U.S. v. Stephens*,
609 F.2d 230 (5th Cir. 1980)........................................................................ 16

*U.S. v. Streinz*,
No. 8:10-CR-550 (M.D. Fla. 2015)...............................................................22

*U.S. v. Thomas*,
724 F.3d 632 (5th Cir. 2013)........................................................................16

*U.S. v. Valera-Elizondo*,
761 F.2d 1020 (5th Cir. 1985)........................................................................6

*U.S. v. Velez-Alonso*,
910 F.3d 266 (6th Cir. 2018)........................................................................19

*U.S. v. Williams*,
No. 20-1413 (6th Cir. 2020) ........................................................................19

**Statutes & Other Authorities:**

18 U.S.C. § 3142(c) ..........................................................................................5

18 U.S.C. § 3143(b) ...................................................................................4, 20

18 U.S.C. § 3143(b)(1)(A)..................................................................................4

18 U.S.C. § 3143(b)(1)(B)(i) ..............................................................................4

18 U.S.C. § 3143(b)(1)(B)(ii) .............................................................................4

26 U.S.C. § 7206(2) ...........................................................................................1

## I. INTRODUCTION

Former White House Chief of Staff John Kelly disclosed to the New York Times that in late 2018 during his time in the White House, President Donald J. Trump asked him to establish contact with political allies in the Internal Revenue Service to target his perceived political enemies for selective and vindictive prosecution. At the same time, Applicant John Anthony Castro was actively supporting Doug Jones in the Alabama special election against Trump-endorsed Roy Moore. This is the same time the IRS admits it began investigating Applicant.

By late 2023, Applicant John Anthony Castro placed his name on the ballots for the 2024 Republican Presidential Primary Elections in New Hampshire and Arizona. Immediately thereafter, Applicant filed federal civil actions in those respective states challenging then-candidate Donald Trump's constitutional eligibility to hold public office in light of his involvement in the events of January 6, 2021.

Before the New Hampshire Republican Presidential Primary Election even took place and while a Writ of Certiorari in Castro v. Trump was pending before the United States Supreme Court, Applicant John Anthony Castro was in handcuffs and shackles standing before the United States District Court for the Northern District of Texas indicted on 33 counts of aiding and assisting in the preparation of false tax returns under 26 U.S.C. § 7206(2). A controversial long-shot Presidential candidate

who challenged Donald Trump's constitutional eligibility to hold public office was arrested before either the election or the civil action was completed. To make matters worse, the arresting agency was the same IRS that President Trump had asked his former White House Chief of Staff to weaponize against his political enemies; claims of weaponization that have become more apparent with the indictments of former FBI Director James Comey, New York Attorney General Letitia James, former White House Advisor John Bolton, and others. An obvious retaliatory action typically only seen in third-world countries that led both the New York Times and Newsweek to publish articles questioning whether Applicant John Anthony Castro's indictment was political retaliation.

As stated in Applicant's Motion for New Trial in the district court, Opening Brief in this Court, and Motion for Release Pending Appeal in the district court (the allegations of which the Government refused to respond both before the district and this Court thereby intentionally waiving any argument against release and forfeiting any such argument on appeal), (1) former U.S. Attorney Philip J. Meitl (a.k.a., "PJ") blackmailed Government Star Witness Linda Rivera and provided her with undisclosed criminal immunity in violation of the well-established *Brady* rule, (2) further suppressed additional evidence of a child support lien that served as the criminal motive for Linda Rivera's independent tax crimes, (3) forfeited any defense to the fact that the stipulations were unsigned under Local Rules because AUSA PJ

Meitl forged defense counsel's signature on the document, (4) admitted that it was apparent that Applicant did not agree to testimonial stipulations resulting in a Sixth Amendment Right of Confrontation violation, and (5) forfeited any defense to the fact that Applicant's counsel expressed dissent on the record thereby negating a finding of waiver of the Right of Confrontation. Furthermore, (6) the trial judge ignored defense counsel's clear and unequivocal expression of dissent from the stipulations as reflected in the trial transcript.

Moreover, the Government fatally failed to respond to Applicant's Motion for Release filed before the district court. The Government has refused to reply to the assertions of forfeiture as well as the underlying claims because they cannot ethically refute that which they know is true. Former AUSA PJ Meitl blackmailed a witness, coerced false testimony, provided undisclosed criminal immunity, and filed fraudulent stipulations with defense counsel's forged signature. The Government did not refute these allegations because they cannot ethically refute that which they know is true. Just like former AUSA PJ Meitl used the unwitting now-Acting U.S. Attorney Nancy Larson to complete his crime by having her conduct the direct examination of Linda Rivera since he had knowledge of its falsity procured through the undisclosed immunity, the Government's counsel before the district court refused to respond in hopes that appellate counsel - who, like Ms. Larson, is unaware of former AUSA PJ Meitl's crimes - would defend the case.

However, by failing to raise any argument against release pending appeal in the first instance in the district court, which is itself intentional waiver, the Government has forfeited any argument against Applicant's release on appeal.

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3143(b), a convicted defendant must be detailed unless a judicial officer finds that Appellant "is not likely to flee or pose a danger" to anyone and that his "appeal is not for the purpose of delay" because it "raises a substantial question of law or fact likely to result in" both "reversal" and an "order for a new trial." 18 U.S.C. §§ 3143(b)(1)(A), (b)(1)(B)(i)-(ii).

## III. ARGUMENT

### 1. Standard of Review for Release Under 18 U.S.C. § 3143(b) Satisfied by Castro

#### A. Appellant's Strong Community Ties, Faith, Education are Evidence He Will Not Flee or Pose a Danger to Anyone

Appellant has extremely close ties to his community and church. With a retirement fund and fully paid home available to him, Appellant has no need to earn income or leave home other than to attend church. Appellant is an alum of Georgetown Law and Harvard Business School with no history of crime or substance abuse. Appellant owns no firearms or dangerous weapons. Both of Appellant's children attend a private faith-based Christian school. Appellant intends to start a ministry and church after exoneration; leading a quiet life with his family.

Pursuant to 18 U.S.C. § 3142(c), Appellant hereby agrees to surrender his passport, subject himself to electronic monitoring, abstain from any contact with the media, abstain from the use of any and all forms of social media or other forms of mass communication, abstain from any and all political activities, and avoid any contact with actual or potential witnesses. Appellant wishes only to return to his wife and elementary school-aged children.

Moreover, the fact that Appellant is confident his conviction will be reversed and a new trial ordered is further evidence that he will not flee or pose a danger to anyone.

Appellant believes release subject to the above-agreed conditions will facilitate his peaceful transition back into his community as well as to ensure, by preponderance of the evidence, that he is not a flight risk and does not pose a danger to any person much less the community in general.

**B. Appeal Not for the Purpose of Delay but Rather Based on Substantial Questions of Law and Fact**

The Second Circuit has defined a "substantial question" as a "close question" with a likelihood of success, which is akin to the standard for a preliminary injunction. *U.S. v. Randell*, 761 F.2d 122 (2d Cir. 1985). The Third Circuit described a "substantial question" as one that raises a novel issue or a matter of first impression. *See U.S. v. Miller*, 753 F.2d 19 (3d Cir. 1985). The Ninth Circuit has defined a "substantial question" as one that is "fairly debatable." *U.S. v. Hardy*, 753

F.2d 1487 (9th Cir. 1985). The Eleventh Circuit has defined a "substantial question" as a "close question or one that could be decided the other way." *U.S. v. Giancola*, 754 F.2d 898 (11th Cir. 1985).

In *U.S. v. Valera-Elizondo*, this Honorable Court adopted a more sophisticated and precise definition of a "substantial question" by holding that the question of law or fact be "either novel, which has not been decided by controlling precedent, "which is fairly doubtful" that the government could overcome, an inquiry that is "one of more substance" than merely a finding that the issue is "not frivolous," and that the actual question is whether "if error is found, it will so taint the conviction that it is more probable than not that reversal will be required." 761 F.2d 1020, 1022 (5th Cir. 1985).

The instant appeal is not for the purpose of delay. To the contrary, as the Government admitted in its motion for an extension of time to respond, these issues "serious."

One issue raises a *Brady* suppression claim for which the Government intentionally waived any defense in the district and correspondingly forfeited any defense on appeal for failing to defend in the first instance before the district court regarding the suppressed criminal immunity deal given to its star witness Linda Rivera. The second issue raises another *Brady* suppression claim for which the Government intentionally waived any defense in the district and correspondingly

forfeited any defense on appeal as well regarding a suppressed child support lien that established the motive for Government Star Witness Linda Rivera's submission of false and fraudulent tax returns for over a decade. The Government completely ignored these two factual grounds in its entire 54-page Response Brief. Because the Government has persisted in refusing to respond to avoid further incriminating themselves, they have committed both waiver and forfeiture.

The third issue is a Sixth Amendment Right of Confrontation violation wherein the government admits it bears the burden of proof to establish waiver. Most importantly, the Government failed to respond to Appellant's claim that the challenged stipulations were unsigned under NDTX L. Cr. R. 49.5(d) and 49.6. Instead, the Government raised an alternative argument under NDTX L. Cr. R. 57.1 that it is procedurally barred from raising for the first time on appeal since it bore the burden of proof and "failing to raise it in the first instance in the district court." *U.S. v. Ortega*, 93 F.4th 278 (5th Cir. 2024) (*quoting Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)). The government bore the burden of proof, so it was required to raise every defense at the district court level. It failed to do so thereby committing waiver at the district court level and now cannot do so for the first time on appeal due to procedural forfeiture.

These are only three of the five grounds on which there is a substantial question of law and fact that will result in reversal or an order for a new trial warranting Appellant's release pending appeal.

As the U.S. Court of Appeals for the Seventh Circuit has explained, the Substantial Question "Standard does not require the district court to predict the outcome of the appeal." *U.S. v. Hattermann*, 853 F.2d 555, 560 (7th Cir. 1988). In other words, the standard is not whether a defendant will be successful on the merits but rather whether success would result in a new trial, which is precisely the standard followed by district courts in the First, Second, Third, Fifth, and Eleventh circuits. *See*, *e.g.*, *U.S. v. Alfonzo-Reyes*, 427 F.Supp.2d 41, 46 (D.P.R. 2006) ("If the First Circuit indeed chooses to endorse defendant's position, such a decision will result in absolution of all the... counts" and "a new trial."); *U.S. v. Silver*, 203 F.Supp.3d 370, 383 (S.D.N.Y. 2016) ("there is a substantial question that will likely result in reversal or a new trial... if the Court of Appeals concurs with [Appellant's] arguments."); *U.S. v. Antico*, 123 F.Supp 2d 285, 291 (E.D. Pa. 2000) (finding a substantial question since "a contrary ruling by the appellate court would lead to a reversal of the judgment"); *U.S. v. Hall*, 765 F.Supp. 1494, 1499 (S.D. Fla. 1991) (If "a contrary appellate ruling would warrant a reversal," then there are "substantial questions [that] are sufficiently critical."); *U.S. v. Scheur*, 626 F.Supp.2d 611, 616 (E.D. La.

2009) (the issues "present substantial questions of law for which there is no directly controlling precedent" that could result in "a new trial.").

Only the Fourth Circuit - contrary to every other circuit in the United States - has expressed a standard that would look at the substance of the issues rather than solely whether success would result in reversal and a new trial. *See*, *e.g.*, *U.S. v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (substantial question found because the appeal "presents a close question that could be decided either way.").

Nevertheless, under any circuit approach, Applicant satisfies the standard. The Government's refusal to acknowledge much less respond to and defend the undisclosed and suppressed criminal immunity deal with its star witness Linda Rivera and resulting *de jure* forfeiture of the *Brady* violation does not merely present a close question; it seals the Government's defeat on the merits, which is why the Government refused to respond while the lower courts acted as their attorneys preventing them from responding in accordance with their own rules to protect the Government from further incrimination.

**C. Analysis of the Instant Case**

The Government "forfeits an argument by failing to raise it in the first instance in the district court." *U.S. v. Ortega*, 93 F.4th 278 (5th Cir. 2024) (*quoting Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)). This recent published ruling by this Honorable Court is binding upon all future panels. The Ortega ruling reflects the

principles of the fair process due (i.e., due process) to defendants in the criminal process; to be duly apprised of government claims (i.e., notice) to permit an issue to be developed (i.e., opportunity to be heard) before the appellate review process.

### 1. Any Defense to the Suppressed Civil and Criminal Immunity Deal Given the Linda Rivera Has Been Forfeited by the Government

In Appellant's first motion for new trial before the district court, Appellant exposed that the prosecution suppressed the existence of "immunity from prosecution... offered to Linda Rivera in exchange for her testimony." ROA3053-3054.

In Appellant's Opening Brief, he reiterated the standard that the Government "forfeits an argument by failing to raise it in the first instance in the district court." *U.S. v. Ortega*, 93 F.4th 278 (5th Cir. 2024) (*quoting Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)).

On the same page, Appellant reiterated the "undisclosed civil and criminal immunity agreement between Rivera and the prosecution." *See* Open. Br. 39.

Appellant then explained that this Honorable Court has previously held, in a strikingly on-point case, that undisclosed criminal immunity agreements have been found to be "material" for purposes of the *Brady* test since it serves as "a 'substantial benefit[] to fabricate' her story for which she would have been 'impeached, grilled on the benefits' she 'received in exchange for' her 'testimony,' including her 'get out

of jail card,' which would have resulted in her testimony being 'undermined by revelations' of her federal crime." *See* Open. Br. 41 (*quoting U.S. v. Sipe*, 388 F.3d 471, 476, 491-92 (5th Cir. 2004)).

The Government was made aware that it was on the verge of - if not already well into the zone of - forfeiture. Appellant sufficiently put the Government on notice that it had one final opportunity to at least attempt to salvage this issue by addressing the suppressed criminal immunity deal with Linda Rivera. The Government consciously chose not to respond to it because there is no explanation for a *de jure* and obvious *Brady* violation. A witness was blackmailed with the threat of criminal prosecution, told to lie about Appellant or face imprisonment, and then rewarded with immunity for providing the false testimony.

On this ground alone, the judgment should be reversed and Double Jeopardy applied. However, for purposes of this motion, it indisputably establishes a "substantial question" likely to result in reversal or a new trial.

### 2. Any Defense to the Suppressed Child Support Lien Has Been Forfeited by the Government

To avoid any feigned confusion on the part of the Government, Appellant separately captioned this separate and distinct claim in his motion in the same manner as this Memorandum.

In Appellant's first motion for new trial filed before the district court, he specifically asserted that the prosecution suppressed the existence of "unpaid child

support resulting in an IRS lien." ROA.3053-3054. In a separate motion for an evidentiary hearing in support of the motion for new trial, Appellant added that Linda Rivera had a "clear motive to avoid the lien on her husband's IRS tax account for unpaid child support," which the Government was aware of since it put her misrepresentations into criminal context adding that the "prosecution [was] desperately grasping at straws to justify and sanctify Linda Rivera's obvious criminal conduct." ROA.3169. In a separate filing before the district court, Appellant added that the "Government ignores... [the] support lien" because it firmly establishes an indisputable and "obvious financial motive" for Linda Rivera's fraudulent misrepresentations. ROA.1023. Appellant added, in another filing before the district court, that the "government's complete silence on the issue of Linda Rivera's husband's unpaid child support and the Florida lien placed on any tax refunds associated with him speaks volumes. The government suppressed this information and ignores it in their response because it firmly establishes Linda Rivera's motive for her deception... That is why there is not one single mention of it in the government's response. Deception through strategic omission followed by diversion." ROA.1023-1024. This was before the district court, yet the Government continues with the same modus operandi on appeal: completely ignoring it and attempting to divert attention away from the suppressed criminal immunity and child

support lien and reframing the issue as being Linda Rivera's marital status (i.e., the strawman fallacy).

All of this firmly establishes that Appellant raised these issues and made these arguments in the first instance in the district court.

In Appellant's Opening Brief, he repeated the standard that the Government "forfeits an argument by failing to raise it in the first instance in the district court." *See* Open. Br. 39 (*quoting U.S. v. Ortega*, 93 F.4th 278 (5th Cir. 2024)). On the literal same page, Appellant then restated the existence of "a lien on the IRS tax account of Government Star Witness Linda Rivera's husband for thousands of dollars of unpaid child support in the state of Florida strategically suppressed by the prosecution since it established the motive for Rivera intentionally misrepresenting her [background] to Castro and the IRS for nearly a decade." *See* Open. Br. 39 (citing ROA.3053-3054).

Appellant then called out the Government by emphasizing that, before the district court, "the prosecution's response was completely silent regarding the lien for unpaid child support." *See* Open. Br. 40 (citing ROA.3134-3164).

As before, the Government was made fully aware that it was on the verge - if not already in the zone of - forfeiture. Appellant put the Government on notice that it had one final opportunity to respond to at least attempt to salvage the issue. The

Government again consciously chose not to respond because it knows this was a *de jure Brady* violation.

On this ground alone, Appellant's judgment should be reversed. And with regard to the motion for release, it should certainly be granted.

### 3. Any Defense to the Unsigned Stipulations Has Been Forfeited by the Government

The Government provided no defense or rebuttal to the claim that the stipulations were unsigned under NDTX L. Cr. R. 49.5(d) or 49.6, which cannot be interpreted as anything other than intentional and knowing waiver of any defense.

Although this Honorable Court has held that Government concessions are not binding and that it still conducts an independent review, a Government concession that, if accepted, would result in reversal of the judgment and a new trial undoubtedly shows a "substantial question" warranting release pending appeal.

The Government waived for failing to raise and is now procedurally barred from raising the forfeited argument that NDTX L. Cr. R. 57.1 provides alternative grounds for considering the stipulations signed since it bears the burden of proof and that argument was not raised in the first instance in the district court.

On this ground alone, for which the Government bore the burden of proof, there is indisputable forfeiture. The Government has conceded the stipulations were unsigned in accordance with NDTX L. Cr. R. 49.5 or 49.6 and forfeited the argument

that NDTX L. Cr. R. 57.1 salvages the issue even though, on the substance, it does not.

### 4. The Government Has Conceded that "Dissent" Regarding the Alleged Stipulations is "Apparent" in the Record Thereby Negating a Finding of Waiver, which Establishes a *De Jure* Sixth Amendment Right of Confrontation Violation

The Government conceded in its Response that it was "apparent[]" in the record that Appellant dissented from and did not agree to any testimonial stipulations. Resp. Br. 7 (citing ROA.1722). The Government's concession that it was "apparent[]" Appellant did not agree to stipulations is fatal. Webster's Dictionary defines "apparently" as "plainly," "obviously," "clearly," "evidently," and "readily understood." This coincides with the fact that the prosecution before the district court already conceded that Appellant "did not stipulate to the underlying facts." Open. Br. 17 (*quoting* ROA.2892).

This major concession by the Government absolutely establishes a "substantial question" warranting Appellant's release pending appeal.

### 5. The Record Indisputably Shows that Defense Counsel Dissented from the Trial Judge's Stated Understanding of the Stipulations

The Government's Response Brief falsely claims that when the district court "encouraged Castro's counsel to let the court know if it believed any other elements were not met," Appellant's counsel "declined to object." Resp. Br. 25-27. This is

blatantly false and easily refuted by the record. Appellant's counsel clarified to the trial judge that "we [the defense] don't concede necessarily that any of the stipulations satisfy that there was a fraudulent item on the return, but I just want that to be clear." Open. Br. 13; ROA.2598:25-2599:3. It apparently was not clear to the trial judge. This statement by Appellant's counsel expressly, clearly, and unambiguously explained that one of the "elements were not met" as the trial judge requested and directly contradicted the 331 alleged stipulations to all of the Government's Proposed Findings of Fact. Open. Br. 13. This was an express and unambiguous statement that the critical "false or fraudulent" element of the charged crime was "not met." Resp. Br. 25-27.

It was at this moment that the trial judge failed to "ensure [that] the constitutional procedures for testing the reliability of evidence [were] followed" by holding the Government to its "burden of proving the defendant effected a valid waiver," "indulging every reasonable presumption against waiver," and not "presum[ing] acquiescence in the loss of" Appellant's Right of Confrontation. Open. Br. 27; *Hemphill v. New York*, 595 U.S. 140, 152-53 (2022); *U.S. v. Ceballos*, 789 F.3d 607, 614 (5th Cir. (2015); *U.S. v. Thomas*, 724 F.3d 632, 643 (5th Cir. 2013); *U.S. v. Stephens*, 609 F.2d 230, 233-34 (5th Cir. 1980); *U.S. v. Reveles*, 190 F.3d 678, 683 (1999). Appellant's counsel expressed an opinion different from what the trial judge stated. Open. Br. 27. Webster's Dictionary defines "dissent" as an expression

of a "difference of opinion," "contrariety of nature," and "opposite quality." Appellant express dissent through his counsel. Open. Br. 13. With "dissent" in the record, waiver cannot be established.

### D. Substantial Question Established

Based on all of the foregoing, it is indisputable that Appellant has established not just one but rather multiple substantial questions of law and fact that warrant his release pending final resolution of this appeal. You have witnessed for yourselves the Government's blatant refusal to defend this fraudulently acquired conviction.

Lastly, this Honorable Court must not forget that Applicant is pro se, and his pleadings are entitled to be liberally construed. With regard to the *Brady* violation, Applicant's Opening Brief before this Court cited the law on intentional waiver and procedural forfeiture, then clearly repeated the allegations that there was an "undisclosed civil and criminal immunity deal," and re-emphasized the "prosecution's response was completely silent" on those matters. Open. Br. 18, 39-40. It was plain and obvious that intentional waiver and procedural forfeiture were being argued, and the Government itself even acknowledged Applicant's forfeiture argument regarding the *Brady* claim in a footnote in its response. Govt. Resp. Br. 40 n.12. Therefore, it cannot be said that the Government was not aware that an argument of forfeiture was being made when the case law is cited, the facts

supporting it are pointed out, and the Government itself acknowledges the argument is being made.

**2. The Government Intentionally Waived Any Argument Against Release and Forfeited All Arguments Not Made Before the District Court**

The Government "forfeits an argument by failing to raise it in the first instance in the district court." *U.S. v. Ortega*, 93 F.4th 278 (5th Cir. 2024) (*quoting Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021)).

In the instant case, the Government failed to rebut or argue against the fact that Government Star Witness Linda Rivera was provided undisclosed criminal immunity in exchange for knowingly false testimony, suppressed existence of the child support lien that served as the motive for her independent tax crimes, forged defense counsel's signature on stipulations, defense counsel clearly and unequivocally dissented from the fraudulent stipulations, and admitted that dissent from the stipulations was apparent in the record.

To make matters worse, the Government failed to rebut or argue against release pending appeal. The Government has repeatedly refused to respond to the substance of the allegations because they know the revelations are true.

The Government's failure and outright refusal to respond to the Motion for Release filed in the district court - even after Applicant filed a supplemental motion to recharacterize his motion as unopposed - cannot be viewed as anything other than both "intentional" waiver and procedural forfeiture of any factual or legal argument

against Applicant's release pending appeal. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S.Ct. 13, 17 n.1 (2017) (*quoting U.S. v. Olano*, 507 U.S. 725, 733 (1993)). Under the *de novo* standard of review, an appeals court stands in the shoes of the district court to consider anew all factual and legal arguments made by the parties. In the instant case, the Government made no factual or legal arguments. As such, this Honorable Court has no preserved factual or legal arguments against release to consider. This Honorable Court is bound by the Government's intentional waiver of any factual or legal arguments against release. This Honorable Court is also bound by the Government's forfeiture of any factual or legal arguments against release. Under both the doctrines of waiver and forfeiture, Applicant is entitled to Release Pending Appeal.

### 3. Appellate Court Standard of Review

#### A. Factual Findings for Clear Error and Legal Conclusions *De Novo*

The Sixth Circuit has held that they "review a district court's factual findings concerning release pending sentencing for clear error and review legal conclusions *de novo*." *U.S. v. Williams*, No. 20-1413 (6th Cir. 2020); *also see U.S. v. Velez-Alonso*, 910 F.3d 266, 268 (6th Cir. 2018) (*quoting U.S. v. Christman*, 596 F.3d 870 (6th Cir. 2010)). To prevail on appeal, an individual must make "a showing that the court's factual findings were clearly erroneous or that the district court committed an error of law." *Id*.

The Seventh Circuit has held that its "review *de novo*" of release "under 18 U.S.C. § 3143(b) is independent." *U.S. v. Eaken*, 995 F.2d 740 (7th Cir. 1993) (*quoting U.S. v. Shoffner*, 791 F.2d 586, 590 (7th Cir. 1986)).

The Ninth Circuit has held that when "reviewing a district court's denial of release pending appeal," they "consider the district court's legal determinations *de novo*." *U.S. v. Garcia*, 340 F.3d 1013 (9th Cir. 2003) (*citing U.S. v. Handy*, 761 F.2d 1279, 1281-84 (9th Cir. 1985)).

The Tenth Circuit has that they "review the district court's" denial of release pending appeal "*de novo*." *U.S. v. Quaintance*, 315 Fed.Appx. 711 (10th Cir. 2009) (citing *U.S. v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997)).

The standard of review is quite uniform throughout the federal judiciary. Factual findings get deference while legal conclusions are reviewed *de novo*.

### B. District Court Made No Factual Findings Requiring Wholly *De Novo* Review

In the instant case, the Government did not respond to the Motion for Release. Thus, this was an Unopposed Motion for Release. Moreover, the district court made no factual findings. Had the Government responded, the Court's denial could be deemed to have implicitly adopted any factual assertions by the Government, but in this case, the motion was unopposed. The district court only "conclude[d] that the appeal does not raise a substantial question of law or fact."

As such, this Honorable Court's must review the lower court's determination that the case presents no "substantial question" *de novo*.

However, the Government forfeits any arguments by "failing to raise it in the first instance in the district court." *Ortega*, 93 F.4th at 278. Thus, this Honorable Court has no counter-argument to by the Government it may consider. While this Honorable Court is not bound by admissions made by the Government, forfeiture is binding because it goes to the very heart of the adversarial legal system: the parties must raise arguments in the district court to preserve them for appellate review. If appeals courts could litigate on behalf of the Government, the Government need not ever respond to any allegations before the district court thereby frustrating due process by preventing individuals such as Applicant an opportunity to respond to the Government's counter-arguments.

### C. The Application of Both Waiver and Forfeiture Regarding All Factual and Legal Arguments Requires Release Pending Appeal

Because the Government has refused to respond to the factual and legal assertions made in the district court, the Government must be deemed to have intentionally waived and is thereby procedurally barred by forfeiture from making any factual or legal arguments against release on appeal. Thus, this Honorable Court should reverse the district court and grant Appellant's Motion for Release Pending Appeal.

## IV. CONCLUSION

On the substance of the claims for the Motion for Release, Applicant has clearly established that he is not a flight risk, not a danger to anyone, and his appeal raises multiple substantial questions of fact and law more than likely to result in reversal or new trial. Moreover, because the Government failed to preserve any argument that Applicant's appeal did not raise a substantial question of law or fact, there are no counter-arguments for this Honorable Court to review. Thus, based on forfeiture as well as the underlying claims themselves, this Honorable Court should reverse the lower court and grant Applicant's Motion for Release Pending Appeal.

There are only eight (8) instances of an Unopposed Motion for Release in the federal judiciary. *See U.S. v. Sissler*, No. 1:90-CR-12 (W.D. Mich. 1991); *U.S. v. Blumhagen*, No. 03-CR-56S (WDNY 2006); *U.S. v. Streinz*, No. 8:10-CR-550 (M.D. Fla. 2015); *U.S. v. Paup*, No. 15-CR-233 (D. Col. 2015); *U.S. v. Fuentes*, No. 1:20-CR-16 (D. Idaho 2020); *U.S. v. Cotham*, No. 4:20-CR-22 (E.D. Tenn. 2021); *U.S. v. Callen*, No. 2:20-CR-54 (D. Idaho 2021); *U.S. v. Martin*, No. 21-CR-10018 (D. Kan. 2023). In all eight instances, the motion was granted. Therefore, it is correct to summarily state that never in the history of the federal judiciary has an Unopposed Motion for Release ever been denied. A district court denying an Unopposed Motion for Release is unprecedented.

It is unprecedented because it is improper. The Government both waived any argument against release pending appeal before the district court and is, therefore, now deemed to have also procedurally forfeited any argument against release pending appeal before this Honorable Court.

Respectfully submitted,

/S/JOHN ANTHONY CASTRO
*Appellant, Pro Se*
FCI Oakdale I
Registered Number 93890510
P.O. Box 5000
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

I, John Anthony Castro, confirm that, in accordance with Fifth Circuit Local Rules, a copy of this memorandum was hand-delivered to government counsel Lauren Murphee on Monday, February 9, 2026, before it was sent to the Pro Se Email Address of the Fifth Circuit Clerk of the Court. I further confirm that after it is processed via the Pro Se Email Address, all parties will be electronically notified and provided a digital copy as well.

/S/JOHN ANTHONY CASTRO
Signature of John Anthony Castro

## CERTIFICATE OF COMPLIANCE

This memorandum has been prepared using 14-point, proportionately spaced, serif typeface, in Microsoft Word. Excluding the parts of the memorandum exempted by Fed. R. App. P. 32(f), this motion contains 5,196 words.

/S/JOHN ANTHONY CASTRO
Signature of John Anthony Castro