# 24-11000

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee

v.

**JOHN ANTHONY CASTRO,**
Defendant-Appellant

On Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division
District Court No. 4:24-CR-1-Y-1

## GOVERNMENT'S RESPONSE TO APPELLANT'S MOTION FOR RELEASE PENDING APPEAL

The district court sentenced Castro to 188 months in prison in October 2024. Over one year later, and after briefing in his direct appeal was complete, Castro filed a motion in this Court seeking release during the pendency of his appeal. This Court denied the motion, and Castro promptly sought release from the district court, which was also denied. In January 2026—fifteen months after the district court imposed sentence—Castro filed a subsequent motion in this Court appealing the district court's denial of his motion for

release on bail pending appeal. For the reasons explained below, the United States opposes the motion and respectfully requests that it be denied.

## I. BACKGROUND

Castro—who holds a law degree but has never been licensed to practice law—was convicted of 33 counts of tax fraud after he elected a bench trial and stipulated to most of the government's evidence. (ROA.90, 535-38, 539-51, 2563, 2575-76.) After the district court sentenced him to an aggregate sentence of 188 months in prison, Castro elected to represent himself. (ROA.810.) Since then, he has inundated both the district court and this Court with pro se motions demanding various forms of relief to which he is not entitled.[1] Castro's propensity for filing unsupported motions is well known at this point, and more than one federal district court has admonished his behavior, including in the instant case. (*See* ROA.1213, 2823, 2889 (noting that Judge Pittman found Castro to be a "vexatious litigant" and that he had been cautioned elsewhere for his inappropriate behavior).)

[1] (*See, e.g.*, ROA.934, 946, 949, 979, 1038, 1043, 1136, 1162); *see also United States v. Castro*, No. 24-11000 (5th Cir. May 30, 2025) (denying Castro's (1) motions to stay the appeal for the purpose of remanding to the district court for an evidentiary hearing and/or correct the record on appeal; (2) motion to remand the case to the district court; (3) motion to strike document 36 from the record on appeal; (4) motion to compel the court reporter to provide access to her original notes and records)).

Briefing in this case was complete on November 28, 2025, when Castro filed his reply brief to the government's appellee brief. (*See* Reply Brief, *United States v. Castro*, No. 24-11000 (filed Nov. 28, 2025)). Castro moved this Court for release on bail pending appeal for the first time on December 1, 2025, recycling the same arguments he made in his direct appeal and claiming that his release was a near-certainty despite the extraordinary and disfavored relief he seeks and the serious jurisdictional issues the government presented in response to Castro's claims on direct appeal. (*See* Motion for Bail Pending Appeal, *United States v. Castro*, No. 24-11000 (filed Dec. 1, 2025), and Order Denying Motion for Bail Pending Appeal (filed Dec. 4, 2025)). Following this Court's denial of his motion for release, Castro moved the district court for the same relief. (Dkt. No. 275.)[2] The district court likewise denied Castro's motion for release, holding that "the appeal does not raise a substantial question of law or fact that is likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." (Dkt. No. 279.) Now, Castro appeals that order. (Dkt. No. 281.)

---

[2] "Dkt. No." refers to the docket number in the underlying criminal case.

Because the briefing in this case is complete, and the only basis for Castro's motion for release is his belief that his appeal presents substantial questions of law, the only plausible purpose for the motion is for delay—as the issues he presents to the Court have already been fully briefed and do not merit relief. He thus cannot satisfy Section 3143(b)(1)'s second, third, or fourth requirements.[3] This Court can—and should—deny his request accordingly.

## II. ARGUMENT AND AUTHORITIES

### A. Applicable Law

A criminal defendant has "no constitutional right to bail after his conviction and sentencing." *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987); *accord United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). In fact, the Bail Reform Act of 1984 establishes a presumption against bail for a convicted person during his appeal. *See Williams*, 822 F.2d at 517; *see also United States v. Valera-Elizondo*, 761 F.2d 1020, 1024-25 (5th Cir. 1985) (noting congressional intent to "substantially limit[] the availability of bail pending appeal"). The decision whether to allow a defendant's release pending appeal is left, in the first instance, to the discretion of the district court. *United States v.*

[3] Castro likely cannot satisfy Section 3143(b)(1)'s first requirement, either. While he alleges that he is not a flight risk, citing his supposed strong faith and community ties, he offers no evidence in support of those claims, despite the burden of proof resting squarely on him to show "by clear and convincing evidence" that he is unlikely to flee or pose a danger. 18 U.S.C. § 3143(1)(A). And the sheer length of the 188-month sentence he is facing undermines his conclusory assertions that he has no motivation to flee.

*Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991). This Court, however, must independently assess the strength of an appellant's motion for release. *United States v. Clark*, 917 F.2d 177, 179-80 (5th Cir. 1990).

The ability of a defendant to obtain release pending appeal is controlled by 18 U.S.C. § 3143(b)(1), which provides that a convicted defendant seeking release on bail pending appeal has the burden of establishing the following four factors: (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not for the purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined favorable to the defendant on appeal, that decision is likely to result in reversal, an order for a new trial of all counts on which imprisonment has been imposed, or a sentence less than the time the defendant will have served at the expected duration of the appeal process. *See Valera-Elizondo*, 761 F.2d at 1025; *Olis*, 450 F.3d at 586.

A "substantial question" is one that "calls into question the validity of the judgment." *Valera-Elizondo*, 761 F.2d at 1022. As this Court has cautioned, a "'substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Id.* at 1024. If a defendant makes that showing, then he must also show that the alleged error "will so taint the conviction that it is *more probable than not*

that reversal, an order for a new trial of all counts on which imprisonment has been imposed, or a sentence less than the time the defendant will have served at the expected duration of the appeal process will be required. *See id.*

**B. Castro's appeal raises no substantial question of law or fact that is likely to result in reversal, a new trial, or a sentence less than the time he is expected to serve during the duration of the appeal.**

Castro's motion for release pending appeal should be denied because he raises no substantial question of law or fact that will likely result in reversal, a new trial, or a sentence less than the time he is expected to serve during the duration of his appeal. Specifically, he contends that his appeal raises a substantial question of law or fact because the government allegedly forfeited any defense to his claims that: (1) it suppressed evidence of deals for immunity with Linda Rivera; (2) it suppressed a child support lien against Linda Rivera; (3) the agreed-to evidentiary stipulations were "unsigned" and therefore, invalid; and (4) the defense disagreed with the district court's understanding of the agreed-to evidentiary stipulations. (Memorandum of Law, *United States v. Castro*, No. 24-11000 at 4-17 (filed Feb. 9, 2026).) As discussed below and in the government's appellee brief,[4] this Court lacks jurisdiction to review the issues Castro relies on in support of his motion, and none of the issues presents

[4] (*See* Appellee's Brief, *United States v. Castro*, No. 24-11000 at 13-19 (filed Dec. 1, 2025).)

a substantial question, let alone one that, if decided in Castro's favor, will likely result in reversal, a new trial, or a sentence less than the time Castro is expected to serve during the duration of his appeal.

#### i. Castro fails to show a substantial question regarding the allegedly suppressed evidence, let alone one likely to result in reversal.

Castro fails to show a substantial question regarding the alleged immunity deal with Linda Rivera or the suppressed child support lien. Those claims are part of Castro's second issue presented in his opening brief, alleging that the district court abused its discretion by ruling on his motion for new trial without holding an evidentiary hearing, (*see* Appellant's Opening Brief, *United States v. Castro*, No. 24-11000, at 36-42 (filed August 27, 2025)), which the government responded to in full in its appellee's brief, (Appellee's Brief, at 31-34). The thrust of Castro's *Brady* claims pertaining to Linda Rivera and that which formed the basis of his motions for new trial is that Linda Rivera is married but claimed to be single on her tax returns. From there, he argues that Rivera lied about her marital status to shield herself from her husband's unpaid child support lien and that there must have been an undisclosed immunity agreement with Rivera "regarding her fraudulent misrepresentation of her marital status and knowing submission of false tax returns for nearly a decade." (Appellant's Opening Brief at 39-40.)

Castro first faces a jurisdictional hurdle of his own making, because he filed his notice of appeal before filing his subsequent motions for new trial—which did not actually involve newly discovered evidence—and he failed to designate the district court's rulings on his subsequent motions in either of his notices of appeal. (*See* Appellee's Brief at 13-21 (arguing the same).) But even beyond the jurisdictional issues he faces, the record and the government's brief firmly demonstrate that Castro knew Rivera was married, and the government did not suppress that information. (*See id*. at 31-34; ROA.3139 (initial intake form where Rivera checks the "married" box); ROA.3133 (report disclosed to Castro before trial where Rivera states "her husband works irregularly); ROA.1717 (Rivera admitting on cross-examination that she has "always filed single" though she was "actually married").) Moreover, Castro filed Rivera's tax returns for 2017, 2018, and 2019, so any blame for filing false tax returns lands squarely on Castro, not Rivera. (ROA.3133.) Finally, the government denied Castro's accusation of an undisclosed immunity agreement in its response to Castro's motion for new trial, and it attached its pretrial disclosure-of-impeachment-evidence e-mail to that response (which did not include any benefit conveyed to Rivera for her testimony). (ROA.3131-35; 3148.) Castro cannot point to anything beyond pure speculation that an immunity agreement existed, and the district court rightly denied his motions for new trial.

In any event, none of Castro's alleged *Brady* violations constitute reversible error. "Impeachment testimony normally is not a basis for granting a motion for new trial." *United States v. Wall*, 389 F.3d 457, 470 (5th Cir. 2004). The allegedly suppressed information—be it Rivera's marital status, her husband's child support lien, or an alleged immunity agreement—does nothing to disturb the government's proof of Castro's guilt at trial, which was supported by ample evidence corroborating Castro's fraudulent scheme. Moreover, the district court, as the factfinder, was in the best position to determine whether the evidence was suppressed, and it soundly determined that it was not. (ROA.907.) Castro's well-worn arguments on appeal and in his motion for release should not disturb that conclusion.

**ii. Castro fails to show a substantial question regarding the evidentiary stipulations he agreed to prior to trial, let alone one likely to result in reversal.**

Castro likewise fails to show a substantial question regarding the agreed-to evidentiary stipulations at trial. In his motion for release, Castro argues the government "forfeited" any defense to the allegedly unsigned evidentiary stipulations. That argument is wrong for a myriad of reasons.

First, because Castro affirmatively agreed to the admission of the evidentiary stipulations, he effectively waived any argument against their admission, and his claim that their admission violated his confrontation rights

is unreviewable under this Court's precedent. *See United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995); *United States v. Stephens*, 609 F.2d 230, 232-33 (5th Cir. 1980). Second, the extensive evidentiary stipulations are very plainly signed by Castro's defense counsel, were the product of a joint effort with the government before trial, and were relied upon by both parties and the court during Castro's bench trial. (*See* ROA.537.) They simply are not the product of government subterfuge that Castro portrays them to be. Second, the record contains e-mail chains from Castro himself and his defense counsel personally agreeing to the government's proposed stipulations before trial. (ROA.1316-22.) Castro's buyer's remorse about that now cannot overcome the record evidence that he expressly agreed to them before trial, and he never objected to them at trial. Lastly, at no point did the government concede—as Castro alleges—that the stipulations were unsigned. (*Cf.* Memorandum at 14; *see* ROA.10109-10 (denying Castro's motion and noting that Local Criminal Rule 49.5(d) does not apply to "a document signed by a defendant").) That claim, like all of his others, is baseless and falls well short of demonstrating a substantial question on appeal warranting his release.

Castro's arguments that the government has conceded dissent regarding the stipulations and that he clearly objected to the stipulations at trial are equally doomed. The government made no such concession, and the record

belies his claim. Based on the agreed evidentiary stipulations at trial, the government presented a shortened version of Linda Rivera's testimony. (ROA.1722.) After Rivera's testimony, Castro no longer agreed to proceeding with a truncated version of the evidence based on the stipulations. (ROA.1722.) As a result, the government examined its remaining witnesses as if there were no stipulations. (ROA.1722.) But Castro never withdrew his stipulation to the admission of the government's exhibits, and even after the close of evidence, he persisted in his agreement with the stipulations to all evidence and elements regarding the uncalled witnesses, except for the element of willfulness. (ROA.2575-76); *see also* Appellee's Brief at 22-30 (arguing that Castro waived his right to confrontation by agreeing to the stipulations and failing to ever object).) Indeed, throughout the course of his bench trial, it was Castro's apparent and reasonable strategy to agree to the undisputed evidentiary facts to focus the court on the disputed issue of whether Castro acted with the required mens rea of willfulness. (*See* ROA.2576 (Castro's counsel stating, "[t]his case is all about willfulness, Your Honor").) Moreover, even if Castro could overcome his waiver of his right to confrontation—which he cannot—any error in admitting or relying upon the stipulations was harmless because the stipulations were cumulative of the overwhelming evidence that was admitted without objection against Castro.

In sum, Castro's last-ditch effort to argue nonexistent concessions by the government is both misguided and woefully insufficient to overcome the sound record evidence that: (1) his counsel electronically signed the stipulations before they were filed; (2) he personally agreed to the stipulations in an email; and (3) he never sought to strike the stipulations from the record. Thus, it is Castro who has waived the issue of whether those stipulations were properly admitted, not the government. And even if the Court reached the merits of this claim, any purported error is harmless in light of the overwhelming evidence of Castro's guilt. He is not entitled to bond pending appeal.

### C. The government has at all times remained opposed to Castro's release, and his claim to the contrary is patently false.

In an apparent game of "gotcha," Castro claims that because the government did not respond to his motion for release in the district court, it is unopposed to his release. In support of his argument, he states—without citation—that he "filed a supplemental motion to recharacterize his motion as unopposed—and so the lack of response "cannot be viewed as anything other than both 'intentional' waiver and procedural forfeiture." (Memorandum at 18.) This claim, too, fails on both the facts and the law.

First, the government has been unable to locate any supplemental motion to Castro's motion for release in the district court where he labeled the motion as "unopposed." Relevant here, Castro first filed an Emergency

Application for Prompt Disposition and Release Pending Appeal in the district court. (Dkt. No. 275.) He then filed a "Supplement to Motion for Release," where he addresses the standard of review and never notes the government as unopposed to his motion. (Dkt. No. 277.) After that, he filed a Motion for Expedited Default Ruling Regarding Motion for Release Due to Government Forfeiture, which contained a culmination of Castro's baseless accusations and wildly speculative theories about the government and the district court. (Dkt. No. 278 at 2 (claiming, for example, that the district court has "allowed justice to turn into poison and, for that reason, the Father's wrath is upon [it], the Son will not intercede to defend willful and wanton sin that is not in keeping with repentance, and the Holy Spirit has left [the court]").) While Castro argues waiver and forfeiture in that filing, he never "recharacterize[d] his motion as unopposed" as he now claims. (*Cf.* Memorandum at 18.)

Nor could he, because the local criminal rules provide very specific rules for conferencing with an opposing party regarding whether they are opposed or unopposed to a motion. *See* Local Criminal Rule 47.1 of the United States District Court for the Northern District of Texas, (Sept. 3, 2024), https://www.txnd.uscourts.gov/sites/default/files/documents/CRIMRULES

.pdf (requiring parties to confer with one another before filing a motion).[5] Castro never conferred with the government regarding its position on his motions, nor does he allege that he did.

Finally, district courts routinely rule on motions without requiring a response from the opposing party, as the district court did here. *See United States v. Lopez*, 504 F. App'x 297, 298 n.4 (5th Cir. 2012) (noting that the district court ruled on the defendant's motions for release pending sentencing before the government could respond). The district court's order denying Castro release on bail pending appeal does not foreclose the government from later responding to Castro's challenge of that order. Instead, the district court—having presided over Castro's bench trial—was in the best position to assess the relative strengths or weaknesses of Castro's motion for release, and that decision is entitled to deference. *See id.* at 298. Castro is not entitled to bond pending appeal.

## III. CONCLUSION

Castro's motion for release pending appeal should be denied.

---

[5] The local rule also requires unopposed motions "be accompanied by an agreed proposed order, signed by the attorneys or parties," likely to avoid this very situation. *Id.* Because the government was not "unopposed" to Castro's motion, there is no agreed proposed order signed by the government accompanying Castro's motion. Thus, his claim fails on this ground, too.

Respectfully submitted,

Ryan Raybould
United States Attorney

*s/ Lauren C. Murphree*
Lauren C. Murphree
Assistant United States Attorney
Texas State Bar No. 24085059
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401-4002
Telephone: (806) 472-7322
lauren.murphree@usdoj.gov

Attorneys for Appellee

## CERTIFICATE OF SERVICE

I certify that on February 19, 2026, I filed this response with the clerk of court for the Fifth Circuit Court of Appeals. I also certify that a copy of this brief was sent to John Anthony Castro, Register Number 93890-510, Oakdale I FCI, P.O. Box 5000, Oakdale, Louisianna 71463, by certified mail.

*/s/ Lauren C. Murphree*
Lauren C. Murphree
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,210 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*/s/Lauren C. Murphree*
Lauren C. Murphree
Date: February 19, 2026