U.S. COURT OF APPEALS
RECEIVED
Mar 12, 2026
FIFTH CIRCUIT

Case No. 24-11000

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN ANTHONY CASTRO,

Appellant.

# MOTION FOR PUBLICATION OF OPINION

Pursuant to 5th Cir. L. R. 47.5.1, Appellant John Anthony Castro, pro se, moves this Honorable Court to publish any and all opinions associated with this case.

I. STANDARD FOR PUBLICATION

5th Cir. L. R. 47.5.1(a)-(f) holds, in pertinent parts only, the following:

"[O]pinions that may in **any** way interest persons other than the parties to a case should be published. Therefore, an opinion is published if it:

(a) Establishes a new rule of law, alters or modifies an existing rule of law, or calls attention to an existing rule of law that appears to have been generally overlooked;

(b) Applies an established rule of law to facts significantly different from those in previous published opinions applying the rule...

(e) Concerns or discusses a factual or legal issue of significant public interest."

II. THE INSTANT CASE WARRANTS A PUBLISHED DECISION

Appellant cites the following grounds as justification for publication.

(1) SIGNIFICANT PUBLIC INTEREST. Public scrutiny of the proceedings in this case have been extensively covered by the national media, including, but not limited to, the New York Times, Newsweek, Forbes, The Hill, blogs, public forums, podcasts, and social media. Collectively, this coverage has garnered millions of views and interest from legal scholars as well who are keen on examining this Court's handling of the appeal to ensure fairness and impartiality exists in our judicial system. The Georgetown Criminal Law Review is currently working on an article. American citizens are gravely concerned about the weaponization of the U.S. Department of Justice and Internal Revenue Service against critics of President Donald J. Trump. At least one podcast referred to Appellant as a "political prisoner." With accusations of a weaponized Justice Department and a seemingly complacent judiciary willing to turn a blind eye to it, the credibility of the federal judiciary is at stake as recently noted by United States Supreme Court Chief Justice John Roberts in a rare and unprecedented public letter to federal judges nationwide. Moreover, Appellant is presently assembling a Third Motion for New Trial specifically

exposing unlawful coordination between the White House and IRS in violation of 26 U.S.C. 7216 for which an evidentiary hearing can resolve the merits of these claims with witnesses such as former White House Chief of Staff John Kelly who has already confirmed his suspicion that Appellant was, in fact, politically targeted. As such, this case is a matter of "significant public interest," which is precisely listed as an enumerated basis in favor of publication. See 5th Cir. L. R. 47.5.1(e).

(2) THE EFFECT OF THE NEW FRCrP 37 ON JURISDICTION. This Court has never expressly ruled on Fed. R. Crim. P. 37's operative mechanics in preserving jurisdiction to the lower court for the issuance of "indicative rulings" after a Notice of Appeal is filed. See, e.g., U.S. v. Armstrong, 132 F.4th 736 (4th Cir. 2025). Appellant specifically argued in his final Reply Brief that the new Rule 37 abrogated all prior case law that pre-dated Rule 37's promulgation, which is the only case law cited by the Government to support its knowingly frivolous argument that this Court lacks jurisdiction, so this will establish a "new rule of law" in the Fifth Circuit, which is expressly listed as an enumerated basis in favor of publication. See 5th Cir. L. R. 47.5.1(a).

(3) NEW APPLICATION OF FORFEITURE AND WAIVER. This Court has never expressly ruled whether procedural forfeiture and intentional waiver can apply to a scenario wherein a district court rules on the merits of a strategically unrebutted-by-the-Government Brady violation without an evidentiary hearing but expressly

states that its ruling is on the merits fully taking into account the allegations as true thereby making remand futile. The same applies to Appellant's claim in his Second Motion for New Trial revealing the fraudulent stipulations that were unlawfully entered into the record with a forged signature. The district court expressly ruled that because Appellant stated he agreed to his own stipulations via email, that somehow permitted the prosecution to type his defense counsel's signature onto the document. This was the district court's own ruling. See U.S. v. Castro, 4:24-CR-1 (N.D. Tex. 2024) (Dkt. No. 284). It should be noted that in the Government's Response to the Motion for Release before this Court, the Government claimed that it was plainly Appellant's counsel's signature on the alleged stipulations document. It must be embarrassing for her to have directly contradicted the district judge who already conceded it was **not** the defense counsel's signature. The Government cannot get it's story straight because they committed fraud on the district court to rig the trial with 331 alleged stipulations tantamount to guilt that were not even attached to the email. This would establish both a "new rule of law" to "facts significantly different" than any prior case, which are both separate and distinct bases in favor of publication. See 5th Cir. L. R. 47.5.1(a), (b).

(4) LEGAL DEFINITION OF "PARTICIPANT" FOR LEADERSHIP ENHANCEMENT. While this Court has ruled that who served as the leader of criminal participants is a factual determination reviewed for plain error, this Court

has never ruled whether the definition of "participant" is a matter of law reviewed de novo as other circuits have concluded. Appellant argues that innocent employees cannot be counted as criminally responsible "participants" without the requisite mens rea. This Court has never expressly ruled that the determination of whether someone is a criminal "participant" for purposes of the leadership enhancement is a question of law reviewed de novo. This Court has only ruled that the determination of whether someone led others as a leader is a question of fact; however, this case boils down to what the standard is for determining and identifying criminally responsible participants when there are no co-defendants. The district court's non-adherence to Rule 32(i)(3)(B) at sentencing leaves only the PSR's "five or more participants" basis. This would establish a "new rule of law," which is expressly listed as an enumerated basis in favor of publication. See 5th Cir. L. R. 47.5.1(a).

(5) POLITICALLY-MOTIVATED CIVIL ACTIONS BASIS FOR OBSTRUCTION OF JUSTICE ENHANCEMENT. This Court has never expressly ruled whether the commencement of civil actions can form the basis for an obstruction-of-justice enhancement when those civil actions were politically motivated as part of a political campaign for public office. In effect, Appellant's sentence was enhanced for bringing civil actions against President Donald J. Trump as part of his campaign for the Republican Nomination for the Presidency of the United States in the States of New Hampshire and Arizona where his name was on

the ballots. This would require the application of legal principles to "facts significantly different" than currently published cases, which is expressly listed as an enumerated basis in favor of publication. See 5th Cir. L. R. 47.5.1(b).

(6) AUDIO RECORDINGS OF COURT REPORT SUBJECT TO COURT REPORTER ACT WHEN OUTCOME-DETERMINATIVE ALTERATIONS ARE REVEALED. Appellant is arguing that the Court Reporter's audio recordings transform from "clerical backup" to "evidentiary material" when there are allegations of ex parte extrajudicial communications between the prosecution and court reporter to make material outcome-determinative fraudulent alterations to the trial transcripts.

Based on the foregoing, Appellant moves this Honorable Court to decide in favor of publication under 5th Cir. L. R. 47.5.2.

Respectfully,

/s/ John Castro

John Anthony Castro
Appellant, Pro Se
FCI Oakdale I
Reg # 93890-510

P.O. Box 5000
Oakdale, LA 71463

---

**CERTIFICATE OF SERVICE**

---

I, John Anthony Castro, confirm that I filed this document with the Clerk of the Court via the Pro Se Email Address and that all other parties are registered CM/ECF users who will be electronically notified and provided with a digital copy of this filing.

/s/ John Castro

Signature of John Anthony Castro

**CERTIFICATE OF COMPLIANCE**

I, John Castro, undersigned certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1209 words, as determined by Microsoft Office Word 2016-word processing software.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Times New Roman (14-point).

Date: March 2, 2026

By: /s/ John Anthony Castro