U.S. COURT OF APPEALS
RECEIVED
MAR 16 2026
FIFTH CIRCUIT

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee,
v.
JOHN ANTHONY CASTRO,
Appellant.

Case No. 24-11000

# NOTICE OF PRO SE LIBERAL CONSTRUATION or, ALTERNATIVELY MOTION TO SUPPLEMENT OPENING BRIEF

Appellant John Anthony Castro, pro se, notifies this Honorable Court and the Government that his Opening Brief is pro se and should be liberally construed. Alternatively, to the extent this Court feels the Opening Brief cannot be liberally construed to be making the following arguments, Appellant moves this Court to accept this document as a supplement to his Opening Brief. Counsel for Appellee, Stephen Gilstrap, is being copied on this as well to ensure proper notice. Appellant is not opposed to a continuance to give the Government-Appellee sufficient time to fully consider all arguments, including the ones clarified herein.

In Appellant's Opening Brief, he emphasized case law regarding procedural forfeiture and intentional waiver with a specific citation to this Court's recent Ortega case that held that the Government forfeits an argument that it fails to raise in the first instance in the district court. See U.S. v. Ortega, 93 F.4th 278 (5th Cir. 2024). The Ortega case is binding upon the panel in the instant case.

Appellant herein memorializes that it is his intent that the Opening Brief can be liberally construed to be arguing the following:

1) As lead defense counsel under local rules, only Jason Freeman had authority to make case decisions. Franklyn Mickelson only served as an advisor to Lead Defense Counsel Jason Freeman. The only evidence the prosecution attached was an email from Mickelson, which the prosecution relied on to forge Freeman's signature without his knowledge or consent. Mickelson was not Freeman's agent and had no authority to authorize his signature on the fraudulent stipulations that Appellant himself never agreed to.

2) The prosecution did not present any evidence showing that the stipulations it filed were attached to the email it introduced into evidence. Therefore, the district court's ruling in the prosecution's favor was arbitrary because it lacked factual basis.

3) The trial judge's sua sponte legal argument that NDTX L. Crim. R. 49.5(d) did not apply because the fraudulent stipulations document was "a document signed by a defendant, which... includes a document signed by counsel for defendant acting as defendant's agent" despite NDTX L. Crim. R. 49.6 separately covering documents signed directly by a defendant (meaning he was wrong on the substance since Rule 49.6 covers what he claimed 49.5(d) covered), was also improper under the Supreme Court's Party Presentation Principle in U.S. v. Sineneng-Smith, 590 U.S. 371 (2020) as well as this Court's holding in U.S. v. Riojas, No. 24-40378 (5th Cir. 2025) that held that a district court's conclusion is necessarily arbitrary when it's sua sponte because it lacks basis in the record (i.e., no party made that argument). The Riojas case was only recently decided in the summer around 2 or 3 months ago, so it was previously unknown to Appellant. Appellant is a pro se incarcerated Appellant, so allowances must be made to put him on equal footing to ensure a fair process.

4) With regard to the claim of the fraudulent stipulations raised in Appellant's Second Motion for New Trial and expanded upon in subsequent district-level filings, the prosecution blatantly lied when it claimed that the stipulations "were entered into evidence at trial." As the trial transcripts reveal, the stipulations were never "entered into evidence at trial." Not once were they read into the record or waived to be read into the record. Moreover, the prosecution's only arguments at the district court level were that Mickelson (but not Freeman) authorized the stipulations, that Appellant agreed to the stipulations (his own; not 331 that were not attached to the email and never shown to be attached to the email), and that they were entered into evidence "at trial." Instead, the district judge ruled that because they were provided well "before trial," that was sufficient. This again is violative of the Sineneng-Smith and Riojas' Party Presentation principle; the trial judge made a ruling based on an argument that the Government did not make, which necessarily makes it arbitrary. Moreover, the Government on appeal is limited to these arguments. If the Government asserts new grounds on its Response Brief, they are in violation of Ortega and those alternative arguments cannot be considered by this Court. Appellant includes this anticipatory rebuttal just in case.

Appellant will presume that non-response from the Court means it is accepting this notice that these arguments can be liberally construed from the Opening Brief.

Respectfully,

/s/

John Anthony Castro
Appellant, Pro Se
FCI Oakdale I
Reg # 93890-510
P.O. Box 5000
Oakdale, LA 71463

## DECLARATION OF INMATE FILING

Pursuant to 28 U.S.C. 1746, I, John Anthony Castro, declare, under the criminal penalty of perjury, that I placed this document into a standard mailing envelope with sufficient prepaid First-Class postage affixed thereto and deposited it into my federal correctional facility's outgoing mailbox on September 3, 2025.

/s/

Signature of John Anthony Castro

## CERTIFICATE OF SERVICE

I, John Anthony Castro, confirm that I mailed this document to the Clerk of the Court and that all other parties are registered CM/ECF users who will be electronically notified and provided a copy of this filing. I further confirm that I mailed a copy of this document to DOJ Appellate Counsel Stephen Gilstrap.

/s/

Signature of John Anthony Castro

REG # 93890-510
FCI OAKDALE I
P.O. BOX 5000
OAKDALE LA 71462

SHREVEPORT LA 710
10 MAR 2026 AM 1 L

FOREVER / USA

⇔93890-510⇔
Us Court Of Appeals
600 S Maestri PL
Suite 115
NEW Orleans, LA 70130
United States

70130-344040