U.S. COURT OF APPEALS
RECEIVED
Mar 22, 2026
FIFTH CIRCUIT

Case No. 24-11000

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN ANTHONY CASTRO,

Appellant.

# MOTION TO CORRECT FILING DATE OF DOCKET NUMBER 235

Appellant John Anthony Castro, pro se, moves this Honorable Court to correct the filing date for Docket Number 235 titled "Notice of Pro Se Liberal Construction or, Alternatively, Motion to Supplement Opening Brief." In said filing, Appellant included a "Declaration of Inmate Filing" signed pursuant to 28 U.S.C. 1746 and subject to the criminal penalty of perjury indicating and declaring that he delivered the document to prison authorities for mailing on September 3, 2025. However, the document is postmarked as arriving to the Shreveport, Louisiana, post office until March 10, 2026, and not delivered to this Honorable Court until March 16, 2026.

In Houston v. Lack, the U.S. Supreme Court established what is commonly known as the "prison mailbox rule." See 487 U.S. 266 (1988). As this Honorable Court has recognized, under "the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing." Stoot v. Cain, 570 F.3d 669, 671 (5th Cir. 2009) (citing Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006)).

In fact, multiple circuits have concluded that the prison mailbox rule clearly applies even when the court never receives the filing. See U.S. v. McNeill, 523 Fed.Appx. 979, 982 (4th Cir. 2013); Ray v. Clements, 700 F.3d 993, 1004 (7th Cir. 2012); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001); Jones v. Heimgartner, 602 Fed.Appx. 705 (10th Cir. 2015); Allen v. Culliver, 471 F.3d 1196, 1198 (11th Cir. 2006).

In the instant case, Appellant's document finally arrived to this Honorable Court despite gross malfeasance by the staff at the Federal Correctional Facility in Oakdale, Louisiana (herein "Oakdale"). This incident is not without precedent. Last summer, Appellant was forced to submit multiple filings with this Honorable Court addressing Oakdale "losing" the Electronic Record on Appeal (herein "eROA"). After this Honorable Court became involved, Oakdale suddenly found both the original eROA as well as the supplement several months later.

More importantly, Appellant's filing contained a Declaration of Inmate Filing signed under the criminal penalty of perjury pursuant to 28 U.S.C. 1746 proving that the document was placed into a standard mailing envelope and deposited into his federal correctional facility on September 3, 2025. Thus, in accordance with U.S. Supreme Court and this Honorable Court's own binding precedent, the Clerk of the Court is required to enter the actual filing date of Docket Number 235, which was September 3, 2025. Currently, the date for Docket Number 235 appears as March 16, 2026, which is incorrect. Appellant is not responsible for the malfeasance of Oakdale.

Based on the foregoing, Appellant respectfully moves this Honorable Court to correct the filing date of Docket Number 235 to be September 3, 2025.

Respectfully,

John Anthony Castro
Reg # 93890-510
FCI Pollock
Federal Correctional Institution
Satellite Camp
P.O. Box 2099
Pollock, LA 71467-4050